IN THE MATTER OF THE PAYMENT OF UNCLAIMED DE-
POSITS IN THE SUPERIOR COURT OF NEW JERSEY
TO THE STATE TREASURER FOR THE USE OF THE
STATE OF NEW JERSEY AND TO CLAIMANTS BY THE
STATE TREASURER. (CLAIM OF JOSEPH G. ENGEL.)

Argued February 18, 1958—Decided March 17, 1958.

*Mr. Christian Bollermann* argued the cause for the appellant (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey).

*Mr. Joseph G. Engel* argued the cause for the respondent.

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge Conford in the Superior Court, Appellate Division.

By leave of this court and agreement between the parties the record has been enlarged to include copies of several papers and pleadings filed in the bankruptcy proceedings in the United States District Court. They were not available to the trial court or the Appellate Division. They disclosed that on July 27, 1927 Stauber, the substituted trustee, filed a petition with the referee in bankruptcy, wherein after noting the reopening of the estate and his appointment as substituted trustee "to acknowledge service in a foreclosure matter," he requested authorization to accept an offer of $5 for the title to certain premises which were not the same as those involved in the foreclosure action. He further stated that the purpose of the $5 offer was to "clear up an outstanding interest in the property for the purpose of perfecting title." The court ordered acceptance

of the offer and delivery of a deed. The substituted trustee's final report, dated September 12, 1928, and his supplemental final report, dated November 25, 1931, stated that the aforementioned $5 constituted the only fund in his possession. The supplemental final report further stated that the estate had been fully administered.

The additional facts revealed in the above documents negate any thought that the substituted trustee was aware of the existence of any other estate assets during his administration, and lend support to the conclusion that he did not intentionally surrender the fund. It is unreasonable to assume that the substituted trustee would have referred to the $5 received for his title to the other property as the only asset of the bankrupt's estate if he had had the slightest intimation of the existence of the surplus fund.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*For reversal*—None.