**In re CAMBRON CORPORATION d/b/a Cambron Tool Co., Debtor.**

**CAMBRON TOOL CO., Debtor in Possession, and The Official Unsecured Creditors' Committee, Plaintiffs,**

**v.**

**MANUFACTURERS BANK OF DETROIT and The City of Bay City, Defendants.**

Bankruptcy No. 82–00233.
Adversary No. 82–0249.

United States Bankruptcy Court,
E.D. Michigan, N.D.

Feb. 8, 1983.

Ralph I. Selby and John J. Hebert, Bay City, Mich., for plaintiffs.

Michael R. Main, Detroit, Mich., Susan Cook, Bay City, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

This matter is presently before the Court on the Complaint filed by Cambron Tool Company, Debtor in Possession, (hereinafter "Cambron") and the Official Unsecured Creditors' Committee against Manufacturers Bank of Detroit (hereinafter "Bank") and the City of Bay City (hereinafter "City") seeking to have the Court determine that the personal property tax lien held by the City may be avoided under 11 U.S.C. § 545 and preserved for the benefit of the estate under Section 551. The personal property that was subject of the Bank's lien and the City's lien was ordered sold by the Court and the proceeds turned over to the Bank. The Plaintiffs seek to have the Bank turn over to the estate the proceeds of the sale up to the amount of the City's lien.

The City has counterclaimed against the Bank asking that the proceeds from the sale of the personal property be turned over to it in satisfaction of its lien.

The issue in this case being mainly a legal one, the parties have stipulated as to the facts and submitted the matter to the Court on briefs.

Cambron filed a Petition under Chapter 11 of the Bankruptcy Code on April 21, 1982. At the filing of the Petition, the Bank was owed approximately $275,377.89 and to secure this loan the Bank held a security interest in Cambron's equipment, inventory and accounts receivable. Cambron and the Bank arrived at a stipulated Order regarding the use of cash collateral and adequate protection. The Debtor failed to live up to the terms of the Order and sustained continuing losses.

After several hearings, the Court ordered Cambron to liquidate its equipment. This was done by auction. Cambron paid to the Bank $218,435.82, this being the majority of the proceeds generated by the auction sale.

The City claims unpaid personal property taxes in the amount of $33,443.93 for the years 1980 and 1981. The Plaintiffs allege that these unpaid property taxes gave rise to a lien on Cambron's personal property pursuant to M.C.L.A. § 211.40, M.S.A. § 7.81 and that this lien is prior and superior to the lien of the Bank in the same collateral. They also contend that this lien may be avoided by the Court pursuant to Section 545 of the Bankruptcy Code and should be preserved for the benefit of the estate under Section 551 of the Code.

The parties all agree that the lien of the City is prior and superior to the consensual security interest lien of the Bank. M.C.L.A. § 211.40, M.S.A. § 7.81 provides in pertinent part:

… and all personal property taxes hereafter levied or assessed shall also be a first lien, prior, superior and paramount, on all personal property of such persons so assessed from and after the first day

of December in each year for state, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city or village, and so remain until paid, which said tax liens shall take precedence over all other claims, encumberances and liens upon said personal property whatsoever, whether created by chattel mortgage, title retaining contract, execution, or upon any other final process of a court, attachment, replevin, judgment or otherwise, and whether such liens, claims and encumbrances created by chattel mortgage, title retaining contract, execution or upon other final process of a court, attachment, replevin, judgment or otherwise, become effective prior to the effective date of this act or subsequent thereto, and no transfer of personal property assessed for taxes thereon shall operate to divest or destroy such lien, except where such personal property is actually sold in the regular course of retail business.

As the statute states, the city or village may set its own date as to when the tax becomes a lien upon the personal property of the taxpayer. The fiscal year for the city is July 1 of a given calendar year. See Article XXV Section 6 of the Charter of the City. Article XVII, Section 4 of the City Charter provides that personal property taxes become a lien on the personal property of the taxpayer on August 1 of the fiscal year in which the taxes are assessed and due. Therefore, the subject personal property taxes due herein became a lien on the Debtor's personal property on August 1 of 1980 and 1981, respectively. See *In re Ever Krisp Food Products Co.*, 307 Mich. 182, 208–209, 11 N.W.2d 852.

The Court therefore finds that the City's lien for personal property taxes takes precedence over the Bank's security interest in the proceeds of the subject personal property, even though the Bank's lien predated the lien of the City for the taxes.

The next issue for the Court to address is whether or not the lien of the City can be avoided pursuant to 11 U.S.C. § 545. Section 545 of the Bankruptcy Code allows the trustee to avoid the fixing of certain statutory liens on the property of the Debtor to the extent that the lien:

(2) Is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition whether or not such a purchaser exists;

The Debtor in Possession, as provided for in Section 1107 of the Bankruptcy Code, has all the rights other than the right to compensation and is to perform all the functions and duties, except for certain specified duties, of a trustee serving in a Chapter 11 case. Therefore, as this is a case under Chapter 11 where a Debtor in Possession has been appointed, the Debtor in Possession may act to avoid the lien of the City under Section 545.

The Plaintiffs assert that the statutory personal property tax lien of the City of Bay City is not perfected or enforceable against a bona fide purchaser. As the avoidance power provided in this section is based upon a "hypothetical" bona fide purchaser, the Court's inquiry is directed to whether the lien in question would be enforceable against any bona fide purchaser at the date of the filing of the bankruptcy petition. State law is relevant in that the determination of whether a state regulatory lien is perfected or enforceable against a bona fide purchaser is generally determined by reference to the laws of the state which created the lien. 4 Collier on Bankruptcy ¶ 545.04(2), page 545–18 (15th Ed 1979).

The Court must therefore examine the relevant state law to determine whether or not the statutory tax lien was perfected as against a bona fide purchaser as of the date of the filing of the petition. The Plaintiff's allege that the state Tax Lien Registration Act, MCLA 211.681 et seq, provides that notices of liens upon personal property for taxes payable to the state shall be filed in the office of the Secretary of State if the person against whose interest the tax applies is a corporation. MCLA

211.682(b)(1) (1968). This statute on tax lien registration, however, does not apply to the facts of this case. The personal property tax lien in question is owed to the City of Bay City and is not for a lien upon personal property for taxes payable to the state.

On the issue of perfection of the tax lien, the City directs the Court's attention to the case of *In Re Ever Krisp Food Products Company, supra.* This case discusses the perfection of personal property tax liens in the context of conflicting federal and state tax claims. The City of Detroit claimed personal property tax liens due, pursuant to M.C.L.A. § 211.40 as modified by the charter for the City of Detroit, on July 15 and December 1 of each respective year. Its conclusions relative to perfection are found on pages 207 and 212, wherein the Court states the following:

> The city tax liens for the 1938 and 1939 taxes and the county tax lien for the 1939 taxes were complete, perfected and specific on July 15 and December 1 of each year respectively, and nothing further was required to perfect the liens.

The Court goes on to state the following:

> The liens were no longer inchoate. As to city taxes, this date is fixed by the city charter—July 15 of each year; and as to the county taxes, the statute fixes the date—December 1 of each year. These city taxes are becoming a specific and perfected lien on July 15, 1938 and 1939 respectively.... No further process of law or court proceeding was required to determine the amount, or to complete the fixing of the lien, on the respective dates referred to in the city charter and in the statute law.

This same issue was recently addressed by a Bankruptcy Court in *In Re Continental Credit Corp.,* 1 B.R. 680 (Bkrtcy.N.D.Ill. E.D., 1979). In that case, the Debtor, Continental Credit Corporation bought certain computers which were then leased to Computer Services, Inc. located in Southfield, Michigan. The City of Southfield, Michigan assessed personal property taxes on the computers leased to Computer Services. Donald H. Geiger, receiver for the Debtor,

filed a complaint for entry of an order determining that the City of Southfield, Michigan, did not have a valid lien for the personal property taxes assessed on the computers. The Court found that the lien was a specific and perfected lien. "Once the lien arose, nothing further had to be done to perfect it." *In Re Continental Credit Corp., supra.*

■ Based on MCLA 211.40 and these cases, it is clear that the City of Bay City's liens were perfected on August 1, 1980, and August 1, 1981, for taxes due and unpaid for those respective fiscal years and cannot be avoided by the Debtor in Possession since they were perfected and enforceable on the date of filing.

The Plaintiffs also argue that the statute in question in this proceeding, M.C.L.A. § 211.40, M.S.A. § 7.81, does not specifically state that the lien created is enforceable against a bona fide purchaser and that the statute makes no specific provision for perfection of the lien against a bona fide purchaser. The Plaintiffs cite a recent Bankruptcy Court case in Connecticut, *In Re State of Connecticut v. James N. Leach,* 15 B.R. 1005, 8 BCD 587 (Bkrtcy.Conn.1981). The Bankruptcy Court in that case held a state lien to be invalid against a bona fide purchaser for the reason that if the legislature of the State of Connecticut had intended to make the state lien enforceable against a bona fide purchaser it could have done so with the use of appropriate statutory language. However, as the City points out Michigan cases have held that a subsequent purchaser, although in good faith, takes the property subject to the tax lien.

As the Court stated in *In Re Ever Krisp Food Products Co., supra* at 199:

> In this State the personal tax is a specific and perfected lien against all the personal property of the persons assessed, without regard to whether or not it continues in the hands of the tax debtor. The property may be distrained although found in the hands of a subsequent bona fide purchaser. Such a purchaser, although in good faith, takes the property subject to the tax lien. *Crawford v. Koch,* 169 Mich. 372, 377, 135 N.W. 339.

In view of the above discussion, the Court holds that the tax lien is enforceable as against a bona fide purchaser and cannot be avoided by the Debtor in Possession.

The third issue raised by the Debtor in Possession is the preservation for the benefit of the estate the City's tax lien. As the Court has found that the lien may not be avoided, it is unnecessary for the Court to address this issue.

■ The Bank, in its brief, raises a fourth issue. This issue deals with whether or not the City's lien follows the proceeds of the auction sale which have been turned over to the Bank. The Bank argues that the City is looking to the wrong party to collect its tax and that there is no priority for payment. However, the Bank has failed to take into consideration, a notice of proposed sale free and clear of liens filed by the Debtor and served on all creditors. This notice was served prior to the sale and stated that Cambron intended to sell the property of the estate consisting of machinery and equipment, office furniture, rolling stock, free and clear of the interest in said property asserted by any and all entities described in this notice, all such interest in said property to attach to the proceeds of the sale subject to determination by the Court of the validity and extent of such interests. The notice further stated that unless a creditor or other party in interest filed an objection to the proposed sale at least two days prior to the date of the sale, the Debtor in Possession intended to proceed with the sale. Section 363 of the Bankruptcy Code allows the Debtor in Possession after notice and a hearing to sell, other than in the ordinary course of business, property of the estate free and clear of liens. The Debtor in Possession followed the procedure outlined in Section 363 to sell property free and clear of liens. Therefore, any lien on the property attached to the proceeds including the lien for personal property taxes of the City of Bay City.

As the Court has found that the lien for personal property taxes held by the City of Bay City is a prior lien to the Bank's consensual security interest and that the lien may not be avoided, the Court therefore ORDERS that Manufacturers Bank of Detroit turn over to the City of Bay City the amount of $33,443.93 plus interest for the unpaid personal property taxes due for the years 1980 and 1981.

IT IS SO ORDERED.