**In re Hugh Milo HAYNES, Debtor.**

**Larry STEWART, Trustee,
Plaintiff/Appellee,**

v.

**TENNESSEE WHOLESALE DRUG
COMPANY, INC.,
Defendant/Appellant.**

**Bankruptcy No. 82–3698.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 22, 1984.

Robert P. Ziegler, Nashville, Tenn., for Atlantic Consumer Services of Tenn.

Dennis J. Meaker, D.L. Lansden, Nashville, Tenn., for Tenn. Wholesale Drug.

Larry Stewart, Nashville, Tenn., trustee.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

This appeal is brought by Tennessee Wholesale Drug Company, Inc. (hereinafter "TWDC") challenging the Bankruptcy Court's determination that TWDC had released its lien on the property in question in exchange for a quitclaim deed to the property. TWDC never recorded the deed. The result of the decision of the Bankruptcy Court is to make the trustee's interest in the property superior to TWDC. For the reasons set out below, this Court AFFIRMS the decision of the Bankruptcy Court.

The Bankruptcy Court found the facts in this case as follows:

The debtor Hugh Milo Haynes owns approximately 60 acres of real property in Perry County, Tennessee. In July of 1976, the debtor signed a promissory note to Tennessee Wholesale Drug in the amount of $45,000.00 which was secured by a deed of trust on the real property located in Perry County. Tennessee Wholesale Drug thereafter duly perfected its security interest in this property. On March 30, 1979, the debtor signed a new note with Tennessee Wholesale Drug for a $110,000.00 loan to the debtor and Haynes Pharmacy, Inc., a corporation controlled by the debtor. This note consolidated the $45,000.00 indebtedness covered by the 1976 note and deed of trust with an additional loan. This note was also secured by the Perry County property. The debtor signed this note both individually and as president of Haynes Pharmacy.

In March of 1981, the debtor and Tennessee Wholesale Drug entered into an agreement whereby Tennessee Wholesale Drug released the debtor from all personal liability on the 1976 and 1979 notes in exchange for a quitclaim deed to the Perry County property. This quitclaim deed, dated March 16, 1981, was delivered to Tennessee Wholesale Drug. Tennessee Wholesale Drug, however, never recorded this deed. The trustee in bankruptcy subsequently initiated this adversary proceeding to sell the Perry County property free and clear of Tennessee Wholesale Drug's unrecorded quitclaim deed. The trustee stated that, if he could avoid Tennessee Wholesale Drug's unrecorded deed, then he could realize substantial equity for unsecured creditors in the sale of this property.

(Memorandum and Order, p. 2). The Bankruptcy Court then determined that when TWDC accepted the quitclaim deed, it released its deed of trust in the property. Memorandum and Order, p. 3). Thus because TWDC did not record its quitclaim deed, the trustee held priority over TWDC in regard to the property pursuant to the trustee's avoiding power under 11 U.S.C. § 544(a)(3). The simple fact is that TWDC exchanged its lien on the property for a quitclaim deed for the property. After the exchange, TWDC not only failed to ascertain the existence of other liens against the property. As a result, TWDC failed to detect the lien on the property held by Atlantic Consumer Services of Tennessee, Inc. After the exchange, TWDC failed to record its quitclaim deed.

This appeal by TWDC appears to be based at bottom on three points. First, TWDC contends that it never consented to the "merger" of the two interests which it held: the mortgage and the quitclaim deed. In this Court's judgment, there was no merger. TWDC gave up its lien on the property in exchange for the quitclaim deed. Second, TWDC apparently feels that by releasing the debtor in exchange for the quitclaim deed, it nevertheless retained a lien against the property because of the indebtedness of Haynes Pharmacy, Inc. (hereinafter the Corporation). This Court's review of the record indicates that the corporation never had an interest in the property; thus, when the TWDC released the

debtor, TWDC no longer held a mortgage on the property.

Finally, both in its briefs on appeal and in its oral argument before this Court, appellant argues that equity demands that TWDC be permitted to retain its first mortgage interest in the property. The appellant apparently claims that because the second mortgage holder Atlantic Consumer Services of Tennessee, Inc. has priority over its unrecorded quitclaim deed and because the unsecured creditors, whose interests are represented by the trustee, will also have priority over its unrecorded quitclaim deed, the appellant has been treated unfairly.

First, appellant accepted a quitclaim deed in exchange for its lien apparently without doing a proper title search that would have revealed the existence of the second mortgage. Failure to examine the records is the fault of TWDC, not a problem of unfairness. Second, the question of equity is not a proper issue for sidestepping the avoidance powers of the trustee under 11 U.S.C. § 544. The rules of bankruptcy law are quite clear. The Bankruptcy Code only protects creditors who secured their claims in conformity with the Code; all other claims have unsecured status. Even if the equity argument were appropriate under this set of facts, this Court would hold against the appellant inasmuch as its misfortune is due to its own dereliction in failing to conduct a title search and in failing to record its quitclaim deed. This Court finds no error in the Bankruptcy Court's decision. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.