**In re Marcia NICHOLSON, Debtor.**

**No. BK–LV–83–01123.**

United States Bankruptcy Court, D. Nevada.

Feb. 11, 1986.

Robert A. Kelly, Las Vegas, Nev., for debtor.

Peter F. Koppe, Las Vegas, Nev., for trustee.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Bankruptcy Judge.

The Motion of Phillip & Kelley, Ltd. to Enforce Attorney's Lien requires the Court to determine whether the movant's statutory attorney's lien is avoidable by the bankruptcy trustee. The trustee's Petition to Abandon Balance of Claim of Debtor requires the Court to determine whether the trustee may abandon a cause of action after a partial settlement has been reached.

On February 25, 1980, the debtor, Marcia Nicholson, was injured while snow skiing in Utah. In mid 1981, the debtor retained the Nevada law firm of Phillips & Kelly, Ltd., (hereinafter "movant") to prosecute a civil action in federal district court in Utah for damages arising out of her skiing accident. The debtor filed her voluntary Chapter 7 petition on August 2, 1983.

The movant conducted discovery in the Utah litigation and learned that one of the treating physicians may have committed

malpractice in the treatment of the debtor. The movant also felt that the claims against the other defendants should be abandoned. The treating physician agreed to a $10,000 settlement, which was deposited into the movant's trust account on January 30, 1984. The Utah litigation was dismissed on November 30, 1984.

On June 14, 1984, the movant filed a Notice of Attorney's Lien with this Court and mailed a copy of the notice to the debtor. On June 20, 1984, the movant filed its Motion to Enforce Attorney's Lien and to withdraw as attorney of record. Peter F. Koppe, the bankruptcy trustee, opposed the motion to enforce attorney's lien and countermoved for turnover of the settlement funds. The movant opposed the trustee's turnover motion and withdrew as the debtor's attorney in the Utah litigation on August 20, 1984. The trustee then filed his Petition to Abandon Balance of Claim of Debtor. Phillips & Kelly opposed the trustee's petition to abandon.

The trustee contends that the movant is an unsecured creditor holding an unperfected lien on estate property. The trustee argues that the movant's statutory attorney's lien was unperfected when this Chapter 7 case was commenced. The trustee, using the avoiding power granted under 11 U.S.C. § 545 ("Bankruptcy Code"), may avoid a statutory attorney's lien that is unperfected when the petition is filed. The movant, therefore, has no valid lien to enforce.

The trustee also argues that he may avoid the movant's attorney's lien using the "strong arm" power of 11 U.S.C. § 544(a). The strong arm clause of Code § 544 gives the trustee the status of a judicial lien creditor or creditor holding a returned unsatisfied writ of execution as of the commencement of the case. 11 U.S.C. § 544(a)(1) & (2). The holder of a valid judicial lien or returned unsatisfied writ of

execution has priority over unperfected statutory liens. Since the movant's attorney's lien was never perfected, the trustee claims priority over the movant and, thus, may avoid the movant's lien.

Finally, the trustee argues that the postpetition perfection is void as a violation of the automatic stay since there is no "relation back" provision under the Nevada attorney's lien statute.

The movant contends that equitable principles require a finding that the attorney's lien is enforceable as against the bankruptcy trustee.

For the reasons stated below, the Court concludes that the movant's attorney's lien is unperfected and, thus, avoidable by the trustee in bankruptcy.

Under Nevada law, an attorney aquires a lien "upon any claim, demand or cause of action ... placed in his hands by a client for collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon...." Nev.Rev.Stat. § 18.-015(1). The attorney's lien attaches to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other actions, *from the time of service of the notices required by this section* [Nev.Rev. Stat. § 18.015(2)]". Nev.Rev.Stat. § 18.-015(3) (emphasis added). An attorney's lien is perfected when written notice of the lien is served in person, or by certified mail, "upon his client and upon the party against whom his client has a cause of action, claiming the lien and the interest which he has in any cause of action." Nev. Rev.Stat. § 18.015(2).

There are no reported cases interpreting the "perfection" provision of Nev.Rev.Stat. § 18.015(2). In *Kallen v. Litas*, 47 B.R. 977 (N.D.Ill.1985), the court interpreted the Illinois attorney's lien statute,[1] which is

---

1. The Illinois Attorney's Lien Act states, in pertinent part:

   (A) Attorneys ... shall have a lien upon all claims, demands, and causes of action ... which may be placed in their hands by clients for suits or collections .... To enforce such lien, such attorney shall serve notice in writing ... upon the party to whom their client have such suit, claims, or causes of action, claiming such lien and stating therein the

very similar to Nevada's. The *Kallen* court found that the debtor had failed to perfect the lien by serving notice of the lien on the party against whom the debtor had a cause of action. *Kallen v. Litas,* 47 B.R. at 984.

In *Kallen,* the Brass Kettle Restaurant, Inc. retained a law firm for representation in litigation arising from a fire loss. On October 11, 1981, the Brass Kettle executed a retainer and contingency fee agreement with the law firm. The firm failed to serve notice of its lien on the parties against whom the Brass Kettle had a cause of action. On November 11, 1981, the firm negotiated a settlement with one of the named defendants to the suit. On December 23, 1981, the Brass Kettle was forced into involuntary bankruptcy. The bankruptcy court thereafter found that all monies retained by the firm from the negotiated settlement pursuant to the retainer/contingency fee agreement were preferential transfers and ordered turnover to the estate.

The firm appealed the bankruptcy court's decision to the district court, which affirmed. The district court noted that statutory attorney's liens had not been perfected by serving notice on the party against whom the debtor had a cause of action, as required by Illinois law. The court also noted that under Illinois law, the lien *attached* only to property or money acquired *after* the notice of lien had been served. *Kallen,* 47 B.R. at 984–85. The *Kallen* Court concluded that Bankruptcy Code § 547 provided the bankruptcy trustee with greater rights in the recovered judgment than those of the attorneys holding an unperfected lien. *Id.* at 985.

■ In this case, as in the *Kallen* case, the movant has simply failed to perfect its statutory attorney's lien by serving notice as required by state law. The evidence shows that the movant's notice of attorney's lien was filed with this Court and served on the debtor on June 14, 1984. The notice of attorney's lien was filed and served on the debtor five and one-half months *after* the recovered settlement was deposited in the movant's trust account. There is no evidence that the notice of attorney's lien was ever served upon the defendants in the Utah litigation. Under Nevada law, the attorney's lien attaches and is perfected only *after* notice of the lien is served upon the debtor and the party against whom the debtor has a cause of action, identifying the interest to which it attaches. Since the requisite notice was not given, the Court must conclude that the movant's statutory attorney's lien is unperfected and does not attach to the recovered settlement.

■ A bankruptcy trustee may "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such purchaser exists." 11 U.S.C. § 545. A "statutory lien" is a lien "arising solely by force of a statute on specified circumstances or conditions ... but does not include security interest or judicial lien ...." 11 U.S.C. § 101(45). Whether a lien arises "solely by force of a statute on specified circumstances or condition" is generally determined by state or non-bankruptcy feder-

interest they have .... Such liens shall attach to any money or property which may be recovered ... from and after the time of notice. Ill.Rev.Stat. ch. 13, § 14 (1982), quoted in *Kallen v. Litas,* 47 B.R. 977, 984, footnote 11. (N.D.Ill.1985).

For comparison, the Nevada attorney's lien statute reads, in pertinent part:

(1) An attorney at law shall have a lien upon any claim, demand or cause of action ... which has been placed in his hands by a client for suit or collection ....

(2) An attorney *perfects his lien by serving notice in writing,* in person or by certified mail ... *upon his client* and *upon the party against whom his client has a cause of action* claiming the lien and stating the interest he has in any cause of action.

(3) The lien *attaches* to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, *from the time of service of the notices required by this section.*

Nev.Rev.Stat. § 18.015 [emphasis added].

al law. *See In re Sea Catch, Inc.*, 36 B.R. 226, 229–30 (Bankr.D.Alaska 1983); *In re Cambron Corp.*, 27 B.R. 723, 725 (Bankr. E.D.Mich.1983). If a statute giving rise to a lien allows perfection to "relate back" to a date prior to commencement of the bankruptcy case, that statutory lien will be recognized as against a trustee and will not be avoided. 11 U.S.C. § 546(b); *In re Yobe Electric, Inc.*, 728 F.2d 207, 208 (3rd Cir. 1984); *Maryland Nat'l Bank v. Mayor and City Council of Baltimore*, 723 F.2d 1138, 1141–42 (4th Cir.1983); *In re Zerger*, 35 B.R. 42, 43 (Bankr.D.Or.1983). If the statute giving rise to the lien does not allow relation back, the trustee will prevail. *See Matter of Valairco, Inc.*, 9 B.R. 289, 292–95 (Bankr.D.N.J.1981); *In re Saberman*, 3 B.R. 316, 318–19 (Bankr.N.D.Ill. 1980).

■ Nothing in Nev.Rev.Stat. § 18.015 allows for "relation back" of perfection of the statutory attorney's lien. The Bankruptcy Code grants the bankruptcy trustee power to avoid unperfected or unenforceable statutory liens. The Court must, therefore, conclude that the movant's attorney's lien is avoidable under § 545(2).

The trustee may also rely on the "strong arm" avoiding power of Code § 544(a) to avoid the movant's unperfected attorney's lien. Section 544(a) of the Bankruptcy Code, provides that as of the commencement of the case, the trustee may avoid any lien that is not enforceable against a judicial lien holder or a creditor holding a returned unsatisfied writ of execution. *See e.g. Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1012–13 (5th Cir.1985); *In re Haynes*, 41 B.R. 423, 424–25 (M.D. Tenn.1984). State law must be applied to determine whether a creditor's lien is perfected and, thus, enforceable as against a bankruptcy trustee. *In re Chaseley's Foods, Inc.*, 726 F.2d 303, 304 (7th Cir. 1983).

■ When this case was commenced on August 2, 1983, the movant's statutory attorney's lien was, and remains, unperfected. The trustee, having the avoiding powers of a judicial lien creditor or holder of an unsatisfied writ of execution as of the commencement of this case has priority over and may avoid the movant's unperfected and unenforceable lien.

The trustee also argues that the movant's post-petition filing of notice of attorney's lien is void as a violation of the automatic stay. Section 362(a)(4) & (5) of the Bankruptcy Code stays any act to create, perfect, or enforce any lien against estate property, or any lien against the debtor's property arising from a pre-petition claim. Code §§ 362(b)(3) and 546(b) allow post petition perfection of liens or other interests in property of the debtor or of the estate if applicable non-bankruptcy law provides for the perfection to relate back to a pre-petition date. *In re Yobe Electric, Inc.*, 728 F.2d at 208; *In re Victorian Grain Co. of Minneapolis*, 45 B.R. 2, 6 (Bankr.D.Minn.1984); *Matter of Hamlin*, 34 B.R. 673, 674–75 (Bankr.E.D.Mich.1983). Any act inconsistent with § 362(a)(4) & (5) and not within the exception of §§ 362(b)(3) and 546(b) is void. *Matter of Gotta*, 47 B.R. 198, 202 (Bankr.W.D.Wis.1985); *In re Electric City, Inc.*, 43 B.R. 336, 344 (Bankr.W.D.Wash.1984); *In re New England Carpet Co., Inc.*, 26 B.R. 934, 939–40 (Bankr.D.Vt.1983).

■ Nevada law provides for perfection of an attorney's lien only after notice of the attorney's claimed lien is served on the attorney's client and the party against whom the client has a cause of action. Nev.Rev.Stat. §§ 18.015(2) & (3). Nevada law does not provide for relation back of an attorney's lien to a date prior to perfection. Thus, the movant's post-petition attempt to perfect this attorney's lien is ineffective and void as a violation of the automatic stay.

Finally, the trustee moves to abandon the remainder of the personal injury cause of action to the debtor. The trustee contends that the estate does not have sufficient money to continue the litigation, and that any recovery would go to secured creditors rather than unsecured creditors. The movant opposed the trustee's motion

to abandon arguing that if the litigation is abandoned, the $10,000 settlement must also be abandoned.

■ Bankruptcy Code § 554 allows the trustee to abandon any estate property that is burdensome or of inconsequential value to the estate. The trustee may retain valuable property and reject burdensome property, "but he cannot accept only the beneficial features and reject the burdens with respect to the same item of property." 4 L. King, M. Cook, R. D'Agostino & K. Klee, *Collier on Bankruptcy* ¶ 544.02 at 554–7 (15th Ed. 1985). The fact that the trustee realizes some value from estate property, however, does not preclude abandonment of that property at a later date. *See* Note, *Abandonment of Assets by a Trustee in Bankruptcy*, 53 Colum.L.Rev. 415, 421 (1953), cited in 4 L. King, M. Cook, R. D'Agostino & K. Klee, *Collier on Bankruptcy* ¶ 554.02 at 554–7, footnote 8 (15th Ed. 1985).

■ In this case, the estate has realized a $10,000 settlement from one defendant in the debtor's personal injury litigation. That fact, however, does not preclude the trustee from abandoning the litigation to the debtor. The estate does not have the resources to litigate claims that the trustee determined to abandon. That litigation has in fact been dismissed. The trustee has decided, and the Court agrees, that the litigation and underlying causes of action are burdensome to the estate and of inconsequential value to the estate. Consequently, the Court holds that the trustee may abandon the remainder of the personal injury litigation to the debtor.

In conclusion, the Court finds that the movant's statutory attorney's lien is not perfected and is not enforceable against the bankruptcy trustee. The Court concludes that the trustee may avoid the movant's lien pursuant to Code §§ 545(2) and 544(a). The Court also concludes that since the Nevada attorney's lien statute does not provide for relation back of perfection, the movant's notice of attorney's lien is void as a violation of the automatic stay so far as it was filed to perfect the lien. The trustee may abandon the remainder of the personal injury litigation to the debtor as it is burdensome and of inconsequential value to the estate.

IT IS HEREBY ORDERED that the movant's Motion to Enforce Attorneys Lien is denied, the trustee's Countermotion for Turnover of Funds is granted, and the trustee's Petition to Abandon Estate Property is granted.