225 N.J. Super. 150 (1988)
541 A.2d 1119
MARGARET M. STARRETT, PLAINTIFF-RESPONDENT,
v.
WILLIAM D. STARRETT, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1988.
Decided May 24, 1988.
*153 Before Judges KING, GAULKIN and GRUCCIO.
Frederick E. Popovitch argued the cause for appellant (Popovitch & Popovitch, attorneys).
Steven E. Mackey argued the cause for respondent (Bathgate, Wegener, Wouters & Neumann, attorneys).
The opinion of the court was delivered by: GRUCCIO, J.A.D.
Defendant William D. Starrett, III appeals from an order of the Superior Court, Chancery Division, Ocean County, enforcing plaintiff's rights in an equitable distribution provision in a judgment of divorce. R. 1:10-5. At issue is whether the New Jersey Superior Court lacked jurisdiction to enforce the judgment which was listed as an asset in a bankruptcy case that was previously closed.
The facts of the case are not in dispute. Plaintiff Margaret M. Starrett and defendant were divorced on May 6, 1982. Their property settlement agreement, incorporated in the final judgment of divorce, provided that defendant pay plaintiff $12,000 to indemnify her for certain debts, judgments and attorney's fees, and provided plaintiff with certain personal items, including an automobile. Defendant failed to comply with the terms of the divorce settlement. Plaintiff petitioned the court to enforce that portion of the final judgment of divorce which incorporated the property settlement agreement. On August 13, 1982, the court issued an order requiring defendant to post a $30,000 bond to guarantee performance of the judgment. When defendant failed to comply with that order, a bench warrant issued on September 3, 1982. Thereafter, the court ordered defendant to post $15,000 which was disbursed by the court to plaintiff and a judgment creditor. On May 4, 1983, an order was executed fixing the amount of the judgment at $23,751.57.
*154 On June 3, 1983, plaintiff filed a voluntary petition for bankruptcy in United States District Court for the District of New Jersey, Bankruptcy Division, under Chapter 7 of the Bankruptcy Code. See 11 U.S.C. § 701, et seq. (1982). Plaintiff listed the judgment, including the liabilities for which she was to be indemnified by defendant, on the schedule of assets. See 11 U.S.C. § 521(1) (1982).
After the commencement of the bankruptcy case, in August 1983, defendant was arrested on the aforementioned bench warrant. Defendant, thereafter, filed an order to show cause and obtained a writ of habeas corpus in the United States District Court. That court found the Superior Court of New Jersey lacked jurisdiction over defendant because the Bankruptcy Court became vested with exclusive jurisdiction over plaintiff's claim when plaintiff filed bankruptcy. Accordingly, defendant was released after forfeiting his bail of $2,000 to the trustee in bankruptcy. The $2,000 was collected and distributed by the trustee according to bankruptcy code priorities. See 11 U.S.C. § 507 (1982).
On August 20, 1985, prior to receiving written notice that the bankruptcy case was closed, plaintiff sought to enforce her rights in the Superior Court of New Jersey. An order dismissing plaintiff's motion with prejudice was issued on November 13, 1985, on the basis that the United States District Court still had jurisdiction over the matter.
Plaintiff's bankruptcy file was closed by the court and the trustee discharged effective October 17, 1985. Plaintiff was notified of the closing sometime after the November 13, 1985 order was issued. Plaintiff again moved to enforce her rights to collect on the judgment in the Superior Court of New Jersey, which motion was granted on March 23, 1987.
Defendant first contends that plaintiff's August 20, 1985 motion was not properly before the Superior Court because the November 13, 1985 motion was dismissed with prejudice. He argues "[w]here a claim has been dismissed with prejudice, it is *155 considered an adjudication on the merits, and such dismissal bars reinstitution of the same claim. N.J. Civil Practice Rule 4:37-2(d)." We disagree.
R. 4:37-2(d) provides:
Dismissal with Prejudice; Exceptions. Unless the order of dismissal otherwise specifies, a dismissal under R. 4:37-2(b) or (c) and any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits. [Emphasis supplied].
R. 4:37-2(d) explicitly excludes from its purview dismissals for lack of jurisdiction. Plaintiff's earlier motion was dismissed because the Superior Court at that time lacked jurisdiction over the judgment. As such, plaintiff could properly proceed in the Superior Court to enforce her judgment against defendant despite the earlier dismissal with prejudice.
Defendant next contends that the Superior Court had no jurisdiction to issue the March 23, 1987 order enforcing litigant's rights on the theory that the judgment against him continues under the exclusive jurisdiction and control of the Bankruptcy Court. He argues that plaintiff's judgment remains property of the estate since it was never abandoned by the trustee prior to the closing of the estate. We disagree and find the trustee in this matter abandoned the judgment through the automatic abandonment provisions of 11 U.S.C. § 554(c).
Property of the estate that is burdensome or of inconsequential value and benefit may be abandoned on the application of the trustee by (1) giving notice of proposed abandonment, 11 U.S.C. § 554(a) (1982); Bankr.R. 6007(a); or (2) after court order, upon motion by a party in interest, 11 U.S.C. § 554(b) (1982); Bankr.R. 6007(b). Additionally, where there is no court order directing abandonment, 11 U.S.C. § 554(c) (1982) presumes the court to have authorized abandonment of any scheduled property that is unadministered[1] at the close of the case. *156 9 Bankr. Serv.L.Ed.  Legislative History § 82:17, at 377 (1979). Accordingly, there is no need, as defendant contends, for the Bankruptcy Court to sign an order of abandonment so that the abandonment will be proper under 11 U.S.C. § 554(c).
Bankr.R. 6007 requires that notice to all parties and a hearing be held on a proposed abandonment. However, 11 U.S.C. § 554(c) is explicitly excluded from the purview of Bankr.R. 6007. See Bankr.R. 6007, Advisory Committee Note; 8 Collier on Bankruptcy ¶ 6007.01, at 6007-2 (15th ed. 1988). Bankr.R. 6007 is thus applicable only for abandonments under 11 U.S.C. § 554(a) and (b). 8 Collier on Bankruptcy ¶ 6007.06. Accordingly, defendant's reliance on Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 709-710 (9th Cir.1986), is misplaced since that case involved an abandonment pursuant to § 554(a) and (b), not an abandonment by operation of law, 11 U.S.C. § 554(c), as we find applicable in the present case.
The effect of an abandonment is to divest the trustee of control over the property because once abandoned, it is no longer part of the estate. Wallace v. Enriquez (In the Matter of Enriquez), 22 B.R. 934 (Bankr.D.Neb. 1982); 4 Collier on Bankruptcy ¶ 554.02, at 554-6 to 554-8 (15th ed. 1988). Property thus abandoned is always abandoned to the debtor. 11 U.S.C. § 554(c).
For the court to find an abandonment by operation of law, the party claiming the abandonment must demonstrate the trustee had knowledge of the asset as property to the estate such that the court could impute an intent to abandon the asset upon the closing of the case. In re Schmid, 54 B.R. 78 (Bankr.D.Or. 1985); Enriquez, 22 B.R. at 936; In re Atkinson, 62 B.R. 678 (Bankr.D.Nev. 1986); see Hanover Ins. Co. v. Tyco Indus., 500 F.2d 654 (3rd Cir.1974), In the Matter of the Payment of Unclaimed Deposits (Engle), 45 N.J. Super. 327 *157 (App.Div. 1957), aff'd 26 N.J. 299 (1958). The claiming party must also show an absence of active administration of the asset at the time of the abandonment. Cf. In re Nicholson, 57 B.R. 672 (Bankr.D.Nev. 1986).
Defendant submits that § 554(c) is inapplicable to the case at hand because the language "not otherwise administered" means the trustee must have failed to act in any fashion with respect to the asset while the bankruptcy estate was open. Accordingly, he argues the $2,000 distribution by the trustee was a partial distribution of the asset and thus the asset was "administered" pursuant to § 554(c). While facially appealing, upon examination this argument is meritless.
Defendant isolates the words "not otherwise administered" from the relevant portion of the statute in his construction of 11 U.S.C. § 554(c). Under the construction urged by defendant, a trustee is precluded from abandoning an asset under the automatic abandonment provision of § 554(c) if he realizes any value from any asset of the estate. We do not, however, read the statute so narrowly.
It is well settled "that `in expounding a statute, [the court] must not be guided by a single sentence or member of a sentence but look to the provisions of the whole law, and to its object and policy.'" Ideal Farms, Inc. v. Benson, 288 F.2d 608 (3rd Cir.1961), cert. den. sub nom. Ideal Farms, Inc. v. Freeman, 372 U.S. 965, 83 S.Ct. 1087, 10 L.Ed.2d 128 (1963), quoting N.L.R.B. v. Lion Oil Co., 352 U.S. 282, 288, 77 S.Ct. 330, 334, 1 L.Ed.2d 331, 337 (1957). The relevant portions of the statute reads as follows:
Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title. [11 U.S.C. § 554(c); emphasis supplied].
Proper construction of the statute requires that effect be given to the whole paragraph. The plain meaning of the language "not otherwise administered at the time of the closing of a case" indicates that the asset must not be actively administered *158 at the time the case is closed. However, viewed in its entirety, the language does not preclude administration of an asset prior to the time of the closing.
Section 554 was enacted "to codify the extensive case law dealing with the issue of abandonment by the trustee of the property of the estate." 3A Bankr. Serv.L.Ed.  Code Commentary and Analysis § 23:111, at 239 (1979). Accordingly, Congress did not intend to change the common law as it applies to abandonments; decisions under the Bankruptcy Act of 1898 are applicable to fill in the gaps in the treatment of the abandonment of property found in 11 U.S.C. § 554. See In re Ward, 60 B.R. 660 (Bankr.W.D.La. 1986).
It has long been recognized that after utilizing or partially liquidating an asset, a trustee may cease administration and then may abandon it. See Note, Abandonment of Assets by a Trustee in Bankruptcy, 53 Colum.L.Rev. at 421, cited in 4 Collier on Bankruptcy ¶ 554.02, at 554-7 n. 8; Nicholson, 57 B.R. at 677. For example, in Nicholson, the bankruptcy estate realized a $10,000 settlement from one defendant in debtor's personal injury litigation. The trustee moved to abandon the remainder of the personal injury cause of action to the debtor on the contention that the estate did not have sufficient money to continue the litigation. The court held the trustee may abandon the remainder of the personal injury litigation to the debtor, reasoning "[t]he fact that the trustee realizes some value from estate property ... does not preclude abandonment of that property at a later date." Nicholson, 57 B.R. at 677.
The language of § 554(c) indicates there must be an absence of active administration of the asset at the time of the closing of the bankruptcy estate to impute an intention to abandon the asset. This construction gives effect to the policy reason for enacting 11 U.S.C. § 554(c), which is to aid administration of the case. 3A Bankr. Serv.L.Ed.  Code Commentary and Analysis § 23:111, at 239 (1979). The trustee or other party in interest is not required to apply to the court for an *159 authorization of abandonment each time he intends to abandon property of the estate which is burdensome and of inconsequential value solely because the asset was at one time administered.
There is no dispute that the judgment was scheduled as an asset of the estate for the benefit of creditors pursuant to 11 U.S.C. § 521(1). Thus, the trustee, creditors and representatives of the estate were put on notice of its existence and the fact it was a claim in favor of the estate. See Enriquez, 22 B.R. at 936. "[W]here the trustee has knowledge that is sufficient to put him upon diligent inquiry as to the subject asset, the abandonment is held to have been knowingly made and hence is irrevocable." Atkinson, 62 B.R. at 680, citing In re Tarpley, 4 B.R. 145, 146 (Bankr.M.D.Tenn. 1980). Here, the trustee had more than just inquiry knowledge. He, in fact, indicated to the lower court that he made attempts to collect on the judgment and decided to abandon pursuit of the judgment in the Bankruptcy Court. Therefore, we conclude the trustee had knowledge of the asset and clearly intended to abandon the asset prior to the close of the bankruptcy estate.
In this case, the $23,751.52 judgment was scheduled as an asset of the estate for the benefit of creditors pursuant to 11 U.S.C. § 521(1). The estate realized $2,000 from this asset on September 3, 1982. The bankruptcy case was closed effective October 17, 1985. Plaintiff's "no asset" bankruptcy estate did not have the resources to continually pursue defendant for collection of this judgment and thus, the asset was a burden to the estate. Furthermore, because of defendant's continued success in evading his responsibilities as to the judgment, collection by the trustee in bankruptcy appeared unlikely. Thus, the absence of active administration of the scheduled estate asset for nearly three years clearly imputes an intent to abandon the asset when the case was closed. Accordingly, we find the judgment was abandoned by operation of law, 11 U.S.C. § 554(c), thereby divesting the property from the estate. *160 As such, the Superior Court of New Jersey had jurisdiction to issue the order enforcing litigant's rights and therefore, that order is affirmed.
Affirmed.
NOTES
[1] "Administer" has been defined as the liquidation or utilization of an asset. See Note, Abandonment of Assets by a Trustee in Bankruptcy, 53 Colum.L.Rev. 415, 421 (1953), cited in 4 Collier on Bankruptcy ¶ 554.02, at 554-7 n. 8 (15th ed. 1988).