877 A.2d 264

RODRIGO LOPEZ, PLAINTIFF–APPELLANT, v. MAUREEN
COLOMBO AND PETER COLOMBO, DEFENDANTS–
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 6, 2005—Decided June 23, 2005.

Before Judges PETRELLA, LINTNER and PARKER.

*Stephen G. Mayhew,* argued the cause for appellant (*Thomas A. McCarter,* attorney).

*William C. Bochet,* argued the cause for respondents (*Muscarella, Bochet, Peck and Edwards,* attorneys; *Mr. Bochet,* on the brief).

The opinion of the court was delivered by

LINTNER, J.A.D.

Plaintiff, Rodrigo Lopez, appeals from a June 25, 2004, denial of his motion to restore his complaint. We reverse and remand for trial. Plaintiff filed a complaint for personal injuries allegedly sustained when he was struck, while riding his bicycle, by an automobile driven by defendant Maureen Colombo. Seven days prior to the scheduled trial date of December 17, 2002, defense counsel sent a letter to the court advising that defendants had recently filed a petition in bankruptcy and enclosed a stay order from the Bankruptcy Court. On December 17, 2002, the matter was apparently dismissed. However, no order reflecting the December 17 dismissal has been provided. Instead, the only documentation of the dismissal is a copy of the Automatic Case Management System (ACMS) list, which reflects an "ORDER MISC" being granted on application by plaintiff's counsel.

On January 13, 2003, plaintiff sent the Bankruptcy Court a letter enclosing a copy of an agreement entered into with defendant, limiting plaintiff's recovery to defendant's insurance cover-

age and requesting relief from the bankruptcy stay. The bankruptcy stay was lifted by a January 29, 2003, order of the Bankruptcy Court. On May 20, 2003, plaintiff's counsel, not aware that his complaint had been dismissed, sent a copy of the bankruptcy order to the Assistant Case Manager, requesting that the matter be "relist[ed]" for trial in September. Plaintiff's counsel also explained that the delay in sending the order was occasioned because the bankruptcy order had been sent from Virginia directly to the parties rather than to counsel.

There was apparently no response to plaintiff's May 20, 2003, letter and counsel assumed that the case had been relisted for trial. Almost one year later, after plaintiff's counsel became aware that the matter had been dismissed, he filed an unopposed motion to restore the complaint, which is the subject matter of this appeal. According to ACMS, the motion, which was dated May 19, 2004, was filed on May 24, 2004. In his certification in support of the motion, plaintiff's counsel stated that following the lifting of the bankruptcy stay he and defense counsel attempted to agree on a mutual trial date when their respective experts would be available, however, the matter "slipped through the cracks." He also indicated that his office never received a notice that the complaint had been officially dismissed.

Plaintiff's motion to restore was denied. In an order dated June 25, 2004, the judge wrote, "denied" across plaintiff's proposed order, noting further that there were "no extraordinary circumstances for delay." Plaintiff appealed. Following a Civil Appeals Settlement Program (CASP) pre-argument conference, the CASP judge entered a temporary remand order to permit the motion judge to issue his findings of facts and conclusions of law for denying plaintiff's motion to restore.

On remand, the motion judge issued a letter opinion stating:

Since plaintiff's motion was unopposed there was no oral record made but I do recall that I was not satisfied that plaintiff satisfied the requirements of Rule 4:50–2 in that more than one year had passed with no action being taken by plaintiff. My order should have made reference to this instead of "no extraordinary circumstances for delay." In fact, I was hoping to hear some extraordinary

circumstances that would have given me some reason to bypass the one year bar set forth in Rule 4:50–2.

The court records show that the matter was dismissed on December 17, 2002 . . . due to the defendant's bankruptcy. On January 13, 2003, . . . [plaintiff's counsel] asked . . . for relief from the stay which was granted by order of January 29, 2003. Not until May 20, 2003 did [plaintiff's counsel] send that order to the court and no motion or consent order was ever filed to reinstate the matter until the motion to reinstate was filed on May 24, 2004.

We are somewhat perplexed as to the exact nature of the order entered on December 17, 2002, given that the ACMS record indicates that it was a grant on application by plaintiff. Presumably, plaintiff would not have sought a dismissal, certainly not one that would be deemed final. That being said, a dismissal occurring as a result of a bankruptcy stay would necessarily be without prejudice as it is not dispositional but instead interlocutory based upon lack of jurisdiction pending further order of the Bankruptcy Court. *R.* 4:37–2(d); *Starrett v. Starrett,* 225 *N.J.Super.* 150, 155, 541 *A.*2d 1119 (App.Div.1988). By contrast, *R.* 4:50 applies to relief from final orders or judgments. Thus, because the purported order of dismissal entered on December 17 was not final, the judge erred in applying *R.* 4:50. Here, the court was made aware prior to the December 17 trial date that a bankruptcy stay had been recently entered. Moreover, a little more than four months following the lifting of the stay, the court was notified that the matter could proceed. Under these circumstances, if the matter had indeed been dismissed due to the pending bankruptcy, it should have been restored administratively in late May 2003, after plaintiff advised that the stay had been lifted. We are mindful of the importance of maintaining effective and efficient management of cases. We are also sensitive to and indeed appreciate any frustration on the part of the trial court in its efforts to dispose of older cases. Under all of the circumstances presented, however, we are persuaded that the interests of justice require relief to allow plaintiff to present his claim.

Reversed and remanded for trial.