**In the Matter of Steve T. ENRIQUEZ, Janet Enriquez, Debtors.**

**C. G. WALLACE, III, Trustee, Plaintiff,**

**v.**

**Steve T. ENRIQUEZ, Defendant.**

**Bankruptcy No. BK81–817.**

**Adv. No. A81–571.**

United States Bankruptcy Court, D. Nebraska.

Sept. 9, 1982.

C. G. Wallace, III, North Platte, Neb., for trustee.

Randall L. Lippstreu, Scottsbluff, Neb., for defendant.

MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

This adversary proceeding presents the issue of whether an abandonment by a trustee is revocable by the trustee at a later time.

The facts are not in dispute and appear from the pretrial order as follows:

"Steve T. Enriquez (herein called Debtor) filed a Complaint with the Nebraska

Equal Opportunity Commission (hereinafter called the Commission) against Nebraska Machinery Company (hereinafter called Company) for alleged employment discrimination. On January 9, 1981, the Commission entered an Order in favor of Debtor which included a monetary award of $8,527.40.

"On February 4, 1981, Company instituted appeal proceedings in the District Court for Scottsbluff County, Nebraska. Hearing was held thereon on April 10, 1981, and the matter was taken under advisement. On April 30, 1981, the District Court entered judgment in favor of Debtor and adopts the Commission's Order of January 9, 1981. Motions for new trial were filed by each of the parties on May 5 and May 6, 1981, and are presently pending before the Court.

"On April 15, 1981, Debtor and his wife filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the District of Nebraska. The first meeting of creditors was held on May 14, 1981. The Trustee at said hearing did not inquire of the defendant regarding his claim against Company nor did the Debtor voluntarily disclose any information thereon in addition to the statements contained in the Bankruptcy Petition. The Trustee's abandonment of all property was filed on May 18, 1981, and became effective on June 8, 1981.

"On June 9, 1981, Company tendered a check for $6,250.00 to Debtor's attorney as part of a negotiated settlement. On June 10, 1981, the Trustee made written demand on Debtor's attorney for said check. On June 11, 1981, the Bankruptcy Court entered its Ex Parte Order setting aside the Trustee's abandonment of property. On August 4, 1981, the Trustee filed the Complaint herein.

CHRONOLOGY OF EVENTS.

"January 9, 1981, Final Order of Nebraska Equal Opportunity Commission.

"February 4, 1981, proceedings initiated in District Court for Scottsbluff County, Nebraska.

"April 15, 1981, Debtor files bankruptcy.

"April 30, 1981, District Court renders decision, adopts the Commission's Final Order as the judgment of the Court.

"May 5, 6, 1981, Motions for New Trial filed in the District Court.

"May 14, 1981, first meeting of creditors.

"May 15, 1981, Trustee files abandonment of all property.

"June 8, 1981, abandonment becomes effective.

"June 9, 1981, Nebraska Machinery tenders check to Debtor's attorney.

"June 10, 1981, Trustee makes demand for the check.

"June 11, 1981, Bankruptcy Court enters Ex Parte Order setting aside the abandonment of property.

"Debtor's attorney objects to Trustee's demand.

"August 4, 1981, Trustee files Complaint."

In addition, the order on pretrial conference provides for the submission for purpose of decision of certain exhibits and the taking judicial notice of the bankruptcy proceeding file, BK81–817. The debtor's schedules filed in this debtor-relief proceeding disclose the complaint pending before the Nebraska Equal Opportunity Commission against Nebraska Machinery Company for alleged employee discrimination. The claim is listed as contingent and unliquidated.

The effect of abandonment by a trustee, whether accomplished by affirmative act under 11 U.S.C. § 554(a) or (b) or by failure of administration under subparagraph (c), is to divest the trustee of control over the property because once abandoned, property is no longer a part of the bankruptcy estate. 4 *Collier on Bankruptcy* § 554.02 (15th Ed.) 554–7, 554–8. Drake & Mullins, *Bankruptcy Practice* § 5.16 (1980). In consequence of this removal from the estate, "... abandonment, once accomplished, is irrevocable, regardless of any subsequent discovery that the property had greater value than previously believed." *Collier, supra,* at 554–8. The only statutory provision under which property

once belonging to the estate can be recovered after a trustee's general abandonment, for example, involves property not previously scheduled. This recovery is permitted under 11 U.S.C. § 554(d). In all other cases where property is scheduled, that is to say, when value has not been concealed from the trustee, any abandonment approved by the court becomes irrevocable.

In a recent case, *In re Sutton*, 8 B.C.D. 21, 10 B.R. 737 (Bkrtcy. E.D. Va. 1981), the trustee of the bankruptcy estate abandoned residential property owned by the debtor and his wife after determining the equity in the residence to be of inconsequential value to the estate. Upon the property's subsequent sale, nearly $7,000 in equity was realized. The trustee applied for revocation of the court-ordered approval of abandonment pursuant to Federal Rules of Civil Procedure 60(b) and Bankruptcy Rule 924, alleging surprise and newly discovered evidence as grounds for revocation of the court order. The debtor in that action contended that because the property was not concealed from the trustee and because the application to abandon was made intentionally and with full knowledge of the circumstances, the abandonment should be irrevocable. The *Sutton* court held that once a scheduled asset of the estate has been abandoned, it is no longer part of the estate and is thus beyond reach and control of the trustee. [See *In re Polumbo*, 271 F.Supp. 640 (W.D. Va. 1967).] The surprise alluded to by the trustee, and upon which he based his argument for revocation of the abandonment in the *Sutton* case, was insufficient to overcome his knowing and intentional abandonment of that asset of the estate.

In the instant case, the claim is listed as contingent and unliquidated. Thus, creditors and representatives of the estate were put on notice of its existence and of the fact that it was a potential claim in favor of the estate. In other words, it was not hidden from creditors or the trustee. Under those circumstances, I conclude that its abandonment was done knowingly and that the abandonment is irrevocable. That

it may have been more valuable than anticipated is not material to our inquiry. The material inquiry is whether it was knowingly abandoned, which it was.

The conclusion resulting from the foregoing is that the prayer of plaintiff's complaint that the proceeds of the award be turned over to the trustee should be denied. A separate judgment is entered in accordance with the foregoing.