In re The BURCH COMPANY, INC., Bankrupt,

MURRAY MITCHELL BUILDING SUP-PLY COMPANY, INC. and First Federal Savings and Loan Association of Cheraw, Cheraw, South Carolina, Plaintiffs,

v.

The BURCH COMPANY, INC., Bankrupt, and Robert F. Anderson as Trustee, Defendants.

Bankruptcy No. 82–00187.
Adv. No. 82 0797.

United States Bankruptcy Court, D. South Carolina.

Sept. 28, 1983.

Haigh Porter, Florence, S.C., for plaintiff Murray Mitchell Bldg.

James A. Spruill, III, Cheraw, S.C., for plaintiff First Federal.

Miller S. Ingram, Inc., Cheraw, S.C., for defendant The Burch Co.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The Motion for Review and Motion of Imposition of Restraining Orders is before the court on the Motion of Tom Berry Burch and I.B. Merriman, who allege they represent certain unsecured creditors of The Burch Company, Inc.

## FINDINGS OF FACT

The debtor, The Burch Company, Inc., filed its petition for relief under Chapter 7 of the Bankruptcy Code on February 4, 1982. An order for meeting of creditors and fixing times for filing objections to discharge and for filing complaints to determine dischargeability of certain debts, combined with notice thereof and of automatic stay was issued by this court on February 11, 1982. The first meeting of creditors was convened on March 18, 1982, and after a lengthy meeting, was adjourned for final hearing at a later date. The above referenced order stated that:

"At the meeting, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate."

On July 2, 1982 Robert F. Anderson, the duly appointed trustee of the debtor's estate, filed his affidavit of abandonment of property of the estate under 11 U.S.C. § 554(a).

Murray Mitchell Building Supply Company, Inc. and First Federal Savings and Loan Association of Cheraw, Cheraw, South Carolina, as plaintiffs, filed Adversary Complaint No. 82–0797 with this court on August 3, 1982, seeking relief from the automatic stay so as to allow them to proceed with foreclosure under their mortgages in state court and for such other relief as the court deemed just and proper.

A hearing was held on the complaint on September 21, 1982, and extensive testimony was received by the court including: testimony as to the appraised value, testimony as to the amount due Murray Mitchell Building Supply Company, Inc., the stipulated amounts due on the first and third mortgages, testimony of Tom Berry Burch, the president of The Burch Company, Inc., and also a review of the affidavit of abandonment of property of the estate under 11 U.S.C. § 554(a) by the trustee. The court found that the plaintiffs were secured parties, the property was burdensome and of no value to the estate, and there was no equity in the property because it was encumbered by three (3) mortgage liens the amounts of which exceeded the value of the property. After reviewing the evidence, the court issued its order relieving the plaintiffs from the stay of 11 U.S.C. § 362(a) in order to allow them to proceed with their rights under the pertinent state law for the foreclosure and protection of their secured interests. The order further required that the secured parties furnish the trustee with a statement reflecting the actual receipts and disbursements in the event of a foreclosure.

The court notes that the debtor filed a Notice of Intent to Appeal, but the appeal was abandoned, and upon motion to dismiss, an order of dismissal was issued by the United States District Court.

In reliance upon the order of this court for relief from the stay, the second mortgage holder proceeded with an action for foreclosure in the Court of Common Pleas for Chesterfield, South Carolina. Upon the issuance of a decree of foreclosure, a Notice of Intent to Appeal was served on the plaintiff in the foreclosure action, but the appeal was abandoned and the Supreme Court of South Carolina has denied the debtor's Motion for Reinstatement of Appeal.

Pursuant to notice of sale, the property was sold on August 1, 1983. The successful bidder at the sale has complied with the bid and the report on the sale was submitted to the trustee in bankruptcy pursuant to the order of this court on September 22, 1982.

### DISCUSSION AND CONCLUSION

The record reveals that the trustee's abandonment of the property was in accordance with section 554(a) of the Bankruptcy Code which provides:

"(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate."

The order for meeting of creditors contained a notice that the trustee may abandon burdensome or inconsequential property at the meeting of creditors.

Once property has been abandoned by the trustee, the abandonment is irrevocable, regardless of any subsequent discovery that the property had greater value than previously believed. 4 *Collier on Bankruptcy,* Paragraph 554.02 (15th ed. 1979). This was the rule under the Bankruptcy Act of 1898. *Fletcher v. Surprise,* 180 F.2d 669 (7th Cir.1950); *Webb v. Raleigh Hardware Co. (In re Webb),* 54 F.2d 1065 (4th Cir.1932); *Meyers v. Josephson,* 124 F. 734 (5th Cir.1903). The rule, said to be "a principal of uniform application" was carried over from the Act into the Bankruptcy Code of 1978, *Colleton County v. United States (In re Robert E. Lee Chevrolet-Oldsmobile, Inc.)* Case No. 81–01552, Complaint No. 82–0585 (Bkrtcy.D.S.C., January 7, 1982); *In re Enriquez,* 9 B.C.D. 763, 22 B.R. 934 (Bkrtcy.D.Neb.1982); *In re Bottles,* 9 B.C.D. 501, 20 B.R. 947 (Bkrtcy.C.D. Ill.1982); *In re Sutton,* 8 B.C.D. 21, 10 B.R. 737 (Bkrtcy.E.D.Va.1981).

There are two exceptions to the general rule that abandonment once accomplished is final. These exceptions, however, are limited to instances where property is concealed from the trustee or is unscheduled. In this case the property was shown on the debtor's

schedules and its ownership by the debtor was known to the trustee.

■ The mortgage creditors, subsequent to the order modifying the § 362 stay proceeded with foreclosure in reliance upon the order of this court and the failure of the debtor to proceed with an appeal or any of the other rules and provisions of this court or the Federal Rules of Civil Procedure. The creditors proceeded with foreclosure and sale of the property, all of which has been completed in the Circuit Courts of the State of South Carolina.

Because the property was abandoned by the trustee, it appears that the principal relief sought by the movants, that of bringing the property involved back into the estate, may not be granted.

### ORDER

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the movant's Motion for Review and Motion for Imposition of Restraining Orders is denied and the Motion of Murray Mitchell Building Supply Company, Inc., now known as C E M Hardwood Corporation, and the Motion of First Federal Savings and Loan Association of Cheraw to dismiss the Motion for Review and Motion for Imposition of Restraining Orders is granted.