Melissa **LINDER**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Civ. A. No. 84–806–B.

United States District Court, M.D. Louisiana.

Feb. 7, 1985.

Richard L. McGimsey, Baton Rouge, La., for plaintiff.

Paul Marks, Jr., Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, Melissa Linder, to remand this action to the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana. In addition, the defendant, Renie T. Lee, has filed a motion to dismiss the action against him for failure to state a claim for which relief can be granted. Alternatively, Lee seeks to have this Court review its prior order which granted leave to the plaintiff to amend her complaint to join Lee as a defendant.

The plaintiff initially filed this suit in the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana. Liberty Mutual Insurance Company (Liberty) thereafter filed a petition for removal pursuant to 28 U.S.C. § 1441. Liberty, in its petition for removal, asserted that this Court had jurisdiction based upon the diversity of the parties. 28 U.S.C. § 1332. On October 25, 1984, this Court permitted the plaintiff to file an amended complaint joining Renie T. Lee as a defendant.

The plaintiff contends that this action should be remanded to state court because this Court lacks subject matter jurisdiction. The basis of this contention is that complete diversity, as required by *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), is lacking because the plaintiff and the recently joined defendant, Renie T. Lee, are both domiciled in Louisiana.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." Section 1447(c) governs the remand of an action after its removal to federal court. *IMFC Professional, ETC v. Latin Am. Home Health*, 676 F.2d 152 (5th Cir.1982) and *In re Mer-*

*rimack Mutual Fire Ins. Co.*, 587 F.2d 642 (5th Cir.1978). Section 1447(c) requires a two step analysis to determine if a case should be remanded to state court.

Initially, the court must determine whether the case "was removed improvidently and without jurisdiction." *IMFC Professional ETC*, 676 F.2d at 156. To determine if the removal was initially proper, a court must consider the pleadings as they exist at the time of removal. *In re Carter*, 618 F.2d 1093 (5th Cir.1980), cert denied 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981) and *Wamp v. Chattanooga Housing Authority*, 384 F.Supp. 251 (E.D.Tenn.1974), affirmed 527 F.2d 595 (6th Cir.1975), cert. denied 425 U.S. 992, 96 S.Ct. 2203, 48 L.Ed.2d 816 (1976). In the present case, the plaintiff was a citizen of Louisiana at the time of removal and the only defendant, Liberty, a citizen of the State of Massachusetts. Thus, at the time of removal there was complete diversity between the parties and the amount in controversy exceeded $10,000. Therefore, the Court finds that the removal was proper at the time this case was originally removed to this court.

The Court must also decide whether remand is necessitated by post-removal events. In *In re Merrimack Mutual Fire Ins. Co., supra*, the Fifth Circuit held that 1447(c) permits an examination of post removal events to determine whether a case should be remanded. *Merrimack*, 587 F.2d at 645–46. In expanding the *Merrimack* rationale, the Fifth Circuit later held that when a court must determine whether to remand a removed case, it must use the same analysis that is used to determine whether to dismiss a case initially filed in a district court. *IMFC Professional ETC*, 676 F.2d at 157. This holding, however, was specifically limited to "whether jurisdiction once conferred is lost." 676 F.2d at 157, note 6. The *IMFC* case then listed those subsequent developments that would or would not affect a court's prior existing jurisdiction. In the latter category, the Court expressly pointed to *Merrimack* as

standing for the proposition that the addition of a non-diverse party could divest a federal court of its jurisdiction *IMFC Professional ETC,* 676 at 157. In the *Merrimack* case, the Fifth Circuit again rejected the argument it initially rejected in *Jett v. Zink,* 362 F.2d 723, 726 (5th Cir.1966), cert. denied, 385 U.S. 987, 87 S.Ct. 600, 17 L.Ed.2d 448 (1966), that "the right to remove depends upon the case disclosed by the pleadings when the petition for removal is filed and that the subsequent addition of new parties is not to be considered on a motion to remand." See 587 F.2d at 646. In *Jett v. Zink, supra,* the Fifth Circuit stated that the law was settled in diversity cases that an indispensable party must be joined even if such a joinder would destroy diversity jurisdiction. *Jett v. Zink,* 362 F.2d at 726. See also *Baltimore and Ohio Railroad v. City of Parkersburg,* 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834 (1925) and *Niles-Bement-Pond Co. v. Iron Moulders Union,* 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145 (1920). In addition, the question of fraudulent joinder or the joinder of improper parties to defeat federal jurisdiction has been addressed by the courts. See, e.g., *Jett v. Zink, supra, Covington v. Indemnity Ins. Co. of N.A.,* 251 F.2d 930 (5th Cir.1958), cert. denied 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958) and *Chevron U.S.A., Inc. v. Aguillard,* 496 F.Supp. 1038 (M.D.La.1980). Federal jurisdiction may not be defeated by a fraudulent joinder of a party. See, *Covington v. Indemnity Ins. Co. of N.A.* and *Chevron U.S.A., Inc. v. Aguillard, supra.* The test for determining whether there has been a fraudulent joinder is set forth in *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968). The Court must determine "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." 391 F.2d at 177.

When considering plaintiff's motion to remand in this case, the Court must also consider the motion of the defendant, Renie T. Lee, to dismiss the complaint for failure to state a claim upon which relief can be granted. In the alternative, Lee has filed a

motion to have the Court review its decision which allowed the plaintiff to amend her complaint to add Lee as a defendant. Lee's motion was filed on December 17, 1984, and was properly noticed for hearing on January 4, 1985. Under the Local General Rules for the Middle District of Louisiana, specifically rule 5(B)(3), each party opposing a motion shall deliver a copy of his opposition to the Court no later than noon on the Monday preceding the day of the hearing. The plaintiff has filed no opposition to the motion of Lee to dismiss for failure to state a claim against him for which relief could be granted. The absence of any opposition is sufficient grounds for the Court to grant the motion by default under Local Rule 5(B)(3). Thus, the Court must and does presume that the plaintiff has no opposition to Lee's motion to dismiss. Therefore, the Court will grant the motion of Lee to dismiss.

Since the Court has dismissed the complaint against Lee, who was the only non-diverse defendant, the Court must deny the plaintiff's motion to remand which was based upon the premise that the addition of Lee as a defendant destroyed diversity. The record is now clear that there is complete diversity between the parties.

Therefore:

IT IS ORDERED that the motion of the defendant, Renie T. Lee, to dismiss the complaint for failure to state a claim upon which relief could be granted be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that the motion of the plaintiff, Melissa Linder, to remand this action to the Twenty First Judicial District Court, in and for the Parish of Livingston, State of Louisiana, be, and it is hereby DENIED.