**In re Jerry Franklin GRACYK and JoAnn Gracyk, Debtor(s).**

**Bankruptcy No. 83–00490.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 17, 1989.

Dwight L. Cain, Toledo, Ohio, for debtors, Jerry F. and JoAnn Gracyk.

Edward F. Zoltanski, Toledo, Ohio, trustee.

Christopher J. Amato, Toledo, Ohio, for creditor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Trustee's Motion to Vacate the Abandonment of Real Property. A Hearing was held on the Trustee's Motion, and the Court requested Briefs from the parties. Briefs were filed by the Trustee and the Debtors. The Court has reviewed the evidence and arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Trustee's Motion to Vacate the Abandonment of Real Property should be denied.

### FACTS

The facts in this case are not in dispute. The Debtors, Jerry Franklin Gracyk and Jo Ann Gracyk, filed their Petition for relief under Chapter 13 on March 18, 1983. The real estate in question was scheduled by the Debtors as having a value of Fifty-four Thousand Dollars ($54,000.00), with the first mortgage to Peoples Savings Association in the amount of Twenty-eight Thousand Dollars ($28,000.00), and a second mortgage to First National Bank in the sum of Four Thousand One Hundred Forty-seven Dollars ($4,147.00).

On November 6, 1985, First National Bank of Toledo filed its Motion for Abandonment of Property of the Estate and for Relief from Automatic Stay on a 1974 GMC ¾ Ton Pick–Up and real property located at 2103 Char–Ming Drive, Toledo, Ohio. The Motion alleged that the Debtors had failed to make their mortgage payments outside the Plan as had been proposed by the Gracyks and Confirmed by the Court. There were no Objections to the Motion, and this Court granted Relief from Stay and Abandonment. First National Bank then commenced a foreclosure action against the real estate in the Lucas County Court of Common Pleas. Thereafter, Peoples Savings Association filed a Motion for Relief from Stay and Abandonment, which was also granted without Objection. Peoples Savings then filed an answer and cross-claim in the foreclosure action.

Before the completion of the foreclosure process, the parties reached a settlement. The Debtors borrowed the sum of Five Thousand Two Hundred Dollars ($5,200.00) from Kenneth and Eva Esterline to pay off the second mortgage owed to First National Bank. The Debtors gave the Esterlines a second mortgage on the real estate to secure the debt. The Debtors paid First National Five Thousand One Hundred Ninety-four Dollars and Eighty-one Cents ($5,194.81) to avoid foreclosure of the real estate and repossession of the 1984 Pick–Up. Part of the payment to First National Bank was for an unsecured debt.

The Debtors subsequently converted their case to a proceeding under Chapter 7. Edward F. Zoltanski was appointed as Trustee for the Gracyks' case, and filed this Motion to Vacate the Abandonment of Real Property.

### LAW

The Trustee argues that his Motion for Abandonment and Relief from Stay should be granted under Fed.R.Civ.P. 60(b). The Trustee asserts that the two secured creditors have used the legal system to take the Debtors' property out of the bankruptcy estate, and receive full payment on their mortgages, and an unsecured debt. The Trustee contends that these actions are contrary to the policies of the Bankruptcy Code, and seeks the return of the previously abandoned home to the Debtors' estate.

The Debtors maintain that even if the Court accepts the Trustee's interpretation of the facts, the abandonment of property is irrevocable, despite a subsequent discovery that the property may have value to the estate. In the Debtors' view, the only two exceptions to this rule are for property which was not scheduled, or where property was concealed from the Trustee.

The Trustee's position is not supported by a review of the case law. The courts have been very reluctant to vacate orders granting relief from stay, and they have been even more reluctant to overturn or-

ders granting abandonment. The most recent case addressing the relief from stay issue is *In re Hood*, 92 B.R. 648, 18 B.C.D. 628 (Bankr.E.D.Va.1988), *aff'd.*, *In re Hood*, 92 B.R. 656 (E.D.Va.1988). In *Hood*, the court refused to vacate an order granting relief from stay, even though the granting of such relief could have resulted in a benefit to the estate in the amount of Sixty-seven Thousand Five Hundred Dollars ($67,500.00). It should be noted that the *Hood* decision involved a completed foreclosure sale. Nevertheless, the policy of finality set forth in the *Hood* decision remains persuasive.

Moreover, in the case *sub judice*, not only was relief from stay granted, the property was also abandoned. As the *Hood* court noted in *dicta*, "Property abandoned pursuant to Section 554 generally cannot be recovered by the debtor's estate notwithstanding a later determination of value which might have benefitted the estate." *In re Hood*, 92 B.R. at 655, 18 B.C.D. at 633.

Another case which reached a similar result is *Matter of Fisher*, 80 B.R. 58 (Bankr.M.D.N.C.1987). In the *Fisher* case, the Debtors in a Chapter 13 sought a preliminary injunction in their action to set aside a foreclosure sale which had been entered after the subject property had been released from the automatic stay. The basis for the Debtors action was that the property had sold for too low an amount and that the sale was, as a result, fraudulent. The *Fisher* court stated:

> Absent unusual and compelling circumstances or a particularly egregious fact situation, a Bankruptcy Court should not exercise its broad jurisdictional mandate as provided by section 105, to upset a perfectly proper and valid state court foreclosure proceeding which took place after the bankruptcy petition was filed and after the Court released the property from the automatic stay pursuant to section 362.

*Matter of Fisher*, 80 B.R. at 62.

■ Other cases have directly addressed the recovery of abandoned property. Most of these cases have dealt with efforts to recover abandoned property after the discovery that it had value which would benefit the estate. The general rule appears to be that abandonment, once accomplished, is irrevocable, regardless of any subsequent discovery that the property had greater value than previously believed. *See, In re Atkinson*, 62 B.R. 678, 679 (Bank.D.Nev. 1986); *In re Bryson*, 53 B.R. 3, 4 (Bankr.M. D.Tenn.1985); *Matter of Enriquez*, 22 B.R. 934, 935 (Bankr.D.Neb.1982); *In re Sutton*, 10 B.R. 737, 739 (Bankr.E.D.Va.1981); 4 *Collier on Bankruptcy* 554.02,2. at 554-7 (15th ed. 1986). Unlike the majority of the cases cited above, this property was not abandoned upon the motion of a Chapter 7 Trustee. In the present case, the Motions for Relief from Stay and Abandonment were filed by creditors, although the Chapter 13 Trustee did not file an Objection. Nevertheless, abandonment's conceptual underpinnings, and the policy of preserving finality, both support the result reached in the above cases. While § 105 provides a basis for undoing fraud which has been visited upon the Court, absent unusual and compelling circumstances, or a particularly egregious fact situation, the Court should not utilize those powers to bring abandoned property back into the bankruptcy estate.

■ One of the Trustee's main arguments in support of his Motion to Vacate is that First National Bank received not only payment on its second mortgage, it also received an unspecified amount on an unsecured claim. The documents which were submitted by First National in their Motion for Relief from Stay and Abandonment indicated that the Gracyks owed Three Thousand Nine Hundred Ninety-one Dollars and Seventy-eight Cents ($3,991.78). It appears that the Gracyks paid First National Bank Five Thousand One Hundred Ninety-four Dollars and Eighty-one Cents ($5,194.81). Thus, the amount paid on the unsecured debt was less than, or equal to, One Thousand Two Hundred Three Dollars and Three Cents ($1,203.03). Clearly, under the Bankruptcy Code, and this Court's March 18, 1983 Order, such a payment was improper. However, the relationship between

that improper payment and the abandonment of the property is not close enough to justify the Court invoking its § 105 powers to bring the property back into the estate.

It appears to the Court that the original actions taken by the parties in seeking relief from stay and abandonment were done in good faith. The creditors did institute a foreclosure proceeding against the Debtors' property, and but for the borrowing of money from a relative, the property would have been sold. It is important to remember that the property had been abandoned, and was no longer part of the Gracyks' estate. Further, Chapter 13 debtors who are not engaged in business are not subject to the borrowing restrictions imposed by § 364. *See,* § 1303 and § 1304. Consequently, the settlement which the Debtors engaged in with their secured creditors did not require court approval. The action that required the approval of this Court was the preferential payment of First National Bank's unsecured claim. However, as previously noted, that action was not directly related to the Motions for Relief from Stay and Abandonment. It occurred as part of the later foreclosure process. There appear to be other avenues by which the Trustee could have directly attacked the transfer of funds to an unsecured creditor. Instead, the Trustee has moved the Court to vacate its Order granting relief from stay and abandonment. Because of the tenuous relationship between the Court's decision to abandon the property and the Debtors subsequent wrongful act in making an unauthorized payment to an unsecured creditor, the Court will decline to exercise its § 105 powers, in this case, to vacate the Orders granting relief from stay and abandonment.

Accordingly, it is

ORDERED that the Trustee's Motion to Vacate the Abandonment of Real Property be, and is hereby, Denied.