Darryl J. **TSCHIRN**

v.

**SECOR BANK, Dean Gruder and Edwin A. Heine.**

**Civ. A. No. 90–3306.**

United States District Court,
E.D. Louisiana.

Jan. 4, 1991.

David R. Paddison, Metairie, La., for Darryl J. Tschirn.

Douglas S. Draper, Deborah W. Hayes, Friend, Wilson & Drapper, New Orleans, La., for Secor Bank, Dean Gruder and Edwin A. Heine.

HEEBE, Chief Judge.

This cause came on for hearing on a previous day on the motion of plaintiff, Darryl J. Tschirn, to remand this matter to Civil District Court for the Parish of Orleans.

The Court, having heard the arguments of counsel and having studied the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule. Accordingly,

IT IS THE ORDER OF THE COURT that the motion of plaintiff, Darryl Tschirn, to remand be, and the same is hereby, GRANTED.

IT IS THE FURTHER ORDER OF THE COURT that this matter be, and the same is hereby, REMANDED to the Civil District Court for the Parish of Orleans.

## REASONS

On August 8, 1990, plaintiff, Darryl Tschirn, filed a petition in Louisiana state court against defendants, Secor Bank and two of its employees, Dean Gruder and Edwin Heine. The parties were all Louisiana residents. Tschirn alleged that defendants breached their contract with him, breached their fiduciary duty to him, and controlled his assets to his detriment (hereinafter collectively called "lender liability claims"). Tschirn also alleged that defendants' behavior caused him to file for bankruptcy on April 16, 1989, a matter that is pending before the United States Bankruptcy Court for the Eastern District of Louisiana.

Defendants removed Tschirn's lender liability claims to federal court on September 13, 1990. They averred that federal jurisdiction existed over Tschirn's claims because they were "related to" Tschirn's bankruptcy proceedings pursuant to 28 U.S.C. § 157(c)(1). Defendants reasoned that because Tschirn's claims arose prior to his filing bankruptcy, they were part of Tschirn's bankruptcy estate and were therefore "related to" his bankruptcy proceedings for jurisdictional purposes.

Subsequent to removal, however, Tschirn's Bankruptcy Trustee, Carl Dengel, abandoned the lender liability claims against defendants as being "burdensome to the estate." The Trustee classified the claims as "Schedule 3B–b, Property of any kind not otherwise scheduled." On September 14, 1990, Judge Brahney signed an order approving the abandonment.

Plaintiff Tschirn now seeks to remand this case to state court, alleging that the Court does not have original jurisdiction as required by the removal statute, 28 U.S.C.

§ 1441. Tschirn's reasoning is twofold. Firstly, he claims that the Court lacks jurisdiction because the parties are nondiverse. Secondly, he argues that there is no other jurisdictional basis because his lender liability claims are not "related to" his bankruptcy proceedings pursuant to 28 U.S.C. § 157(c)(1). Any relationship, Tschirn argues, has been squelched by the fact that the Bankruptcy Trustee abandoned the lender liability claims.

Defendants oppose Tschirn's remand motion. Defendants argue that, in considering the motion to remand, the Court is limited to analyzing the state of affairs in effect when the case was removed to federal court, citing *Linder v. Liberty Mutual Insurance Co.*, 602 F.Supp. 695 (M.D.La. 1985). Thus, defendants argue that, at the time of removal, Tschirn's claims for lender liability were clearly part of his estate and were thus clearly "related to" his bankruptcy proceedings. Defendants cite *Collier on Bankruptcy* § 541.10 at 541–65 (1990) that a bankruptcy estate includes all causes of action belonging to the debtor when the bankruptcy petition is filed.

Moreover, defendants argue that the Bankruptcy Trustee's disclaimer of the lender liability suit is of no consequence because it was a disclaimer of a non-scheduled asset, citing *In re Burch Co., Inc.*, 37 B.R. 273, 274 (Bankr.S.C.1983). Defendants aver that since the cause of action was not scheduled, the Trustee is free to revoke his abandonment of the claims. *Id.* This, argues defendants, would enable the Bankruptcy Trustee to claim any funds resulting from the litigation, making the litigation "related to" the bankruptcy proceeding. Thus, defendants argue that federal jurisdiction is not affected by the abandonment.

■ In deciding a motion to remand, the Court must make a two-step determination. *Linder*, 602 F.Supp. at 696. Firstly, the Court must consider whether removal was proper. *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982). In determining the propriety of removal, "a court must consider the pleadings as they exist[ed] at the time of removal." *Linder*, 602 F.Supp. at 696. Secondly, if the Court determines that removal was proper, then the Court must consider whether post-removal events have "divest[ed] the court of jurisdiction." *IMFC Professional*, 676 F.2d at 157.

■ In this case, since the parties are non-diverse, removal was proper only if Tschirn's lender liability suit was "related to" Tschirn's bankruptcy proceedings pursuant to 28 U.S.C. § 157(c)(1). A case is "related to" a bankruptcy proceeding if the result of the case might possibly affect the bankruptcy administration. *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir.1987). In Tschirn's case, before the abandonment, the suit was property of Tschirn's bankruptcy estate. Therefore, any funds resulting from the litigation would have reverted to the bankruptcy estate. Thus, because the suit was property of the bankruptcy estate, removal was proper. *Id.* at 93–94.

However, since removal was proper, the Court must further determine whether any post-removal events have "divest[ed] the Court of jurisdiction." *IMFC Professional*, 676 F.2d at 157. In this case, the determination hinges upon whether the Bankruptcy Trustee's abandonment has effectively removed Tschirn's claims from his bankruptcy estate so as to destroy the Court's "related to" jurisdiction.

■ Under the Bankruptcy Code, "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or is of inconsequential value to the estate." 11 U.S.C. § 554(a). *Id.* A hearing is not required if parties are aware of the abandonment and do not request a hearing. *In re Missouri River Sand & Gravel, Inc.*, 88 B.R. 1006, 1010 (Bankr.D.N.D.1988), *citing Matter of Trim-X, Inc.*, 695 F.2d 296, 300 (7th Cir. 1982). "The effect of abandonment by a trustee ... is to divest the trustee of control over the property because once abandoned, property is no longer part of the bankruptcy estate." *Killebrew v. Brewer*, 888 F.2d 1516, 1520 (5th Cir.1989), *quoting,*

**218**

*In re Enriquez,* 22 B.R. 934, 935 (Bankr.D. Neb.1982).

 Moreover, if the trustee follows proper procedures, the abandonment is irrevocable. *In re Bogert,* 104 B.R. 547, 548 (Bankr.M.D.Ga.1989). An exception exists, however, where the trustee has been misled regarding the existence or value of the property. *Killebrew,* 888 F.2d at 1520 n. 10. The exception is rare. *Id.* at 1520. "The notion of easily revocable abandonment is not in accord with case law on abandonment." *Id.*

 Defendants cite *In re Burch* as support that a trustee's abandonment of an unscheduled asset is revocable. 37 B.R. at 274. The court in *Burch* does hold that a trustee's abandonment is not final "where property is concealed from the trustee or is unscheduled." *Id.* However, the basis for the *Burch* decision is to ensure that the trustee makes an informed decision. *In re Hunter,* 76 B.R. 117, 118 (Bankr.S.D.Ohio 1987). The inquiry is not black-letter, that is, simply to see if an asset has been scheduled or not. Rather, the inquiry focuses on whether the trustee makes an informed, procedurally-correct abandonment.

 Therefore, if the bankruptcy trustee makes an informed, procedurally-correct abandonment, then the bankruptcy estate is irrevocably divested of the abandoned property. *Missouri River,* 88 B.R. at 1010. In this case, the Bankruptcy Trustee, Carl Dengel, made a written abandonment of the lender liability claims that is filed in the record. He classified the property as "Schedule 3B–b, Property of any kind not otherwise scheduled." The bankruptcy judge then signed an order approving the abandonment. A hearing was not requested. Thus, since the record reflects that the abandonment was made in an informed, procedurally-correct manner, the abandonment is irrevocable. Hence, Tschirn's lender liability suit is not part of his bankruptcy estate and is therefore not "related to" his bankruptcy proceedings.

Accordingly,

IT IS THE ORDER OF THE COURT that the motion of plaintiff, Darryl J. Tschirn, to remand be, and the same is hereby, GRANTED.

IT IS THE FURTHER ORDER OF THE COURT that this matter be, and the same is hereby, REMANDED to the Civil District Court for the Parish of Orleans.