# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1318

_____

| | | |
|---|---|---|
| In re:  Anthony Wayne Gales; Sherry Kay Gales, | * | |
| | * | |
| | * | |
| Debtors, | * | |
| | * | |
| ---------------- | * | |
| | * | |
| Anthony Wayne Gales, and Sherry Kay Gales, | * | On Appeal from the United States District Court for the |
| | * | Southern District of Iowa. |
| | * | |
| Appellants, | * | |
| | * | [Not to be Published] |
| v. | * | |
| | * | |
| City of Des Moines, Iowa, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 27, 1999
Filed: October 12, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.

The City of Des Moines filed with the Bankruptcy Court[1] a motion to reopen the bankruptcy estate of Anthony and Sherry Gales. The Bankruptcy Court granted the motion. The District Court[2] affirmed, and the Galeses now appeal.

The Galeses did not list on their bankruptcy schedules or mention at the meeting of creditors a potential cause of action Mr. Gales had against the City arising from his pre-petition arrest by two City police officers. Upon hearing of the potential claim against the City, the trustee asked the Galeses' attorney about the claim and, assured by the attorney that the Galeses were not pursuing it, abandoned the estate's interest in the claim. Although the Galeses argue that the Bankruptcy Court erred in reopening the case because an abandonment is generally irrevocable, see In re Nebel, 175 B.R. 306, 312 (Bankr. D. Neb. 1994), the Bankruptcy Court has the power to modify or set aside an abandonment if the debtor concealed information from the trustee or the trustee was given incomplete or false information about the asset, and there is no prejudice to an innocent owner. See In re Lintz West Side Lumber, 655 F.2d 786, 789-91 (7th Cir. 1981); see also Tschirn v. Secor Bank, 123 B.R. 215, 218 (E.D. La. 1991) (abandonment revocable where trustee was misled regarding existence and value of property, preventing trustee from making informed, procedurally correct abandonment); In re Ozer, 208 B.R. 630, 634 (Bankr. E.D.N.Y. 1997) (if trustee was misled with respect to asset, so that abandonment was not knowing and intentional, abandonment can be revoked).

Under the facts of this case--the omission of the claim from the schedules and the representation that the claim would not be pursued--we conclude the Bankruptcy Court did not abuse its discretion by deciding to revoke the abandonment and reopen

[1]The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

[2]The Honorable R. E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

the case, thus allowing the trustee to administer the claim as an asset of the bankruptcy estate for the benefit of creditors.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.