PER CURIAM.
The question in this appeal is whether the bankruptcy court was authorized to set aside its own previous order authorizing the trustee to abandon to Mr. Kloian certain malpractice claims that Kloian had brought against his former attorney and tenant, Peter J. Kelley, and Kelley’s law firm, Cramer, Minock & Gallagher, P.C. Like the district court below, we hold that the bankruptcy court’s action was valid.
I
Kloian is the 90% owner of a financial company called FAA. On July 20, 1999, he filed a Chapter 7 bankruptcy petition. Before Kloian filed that petition, FAA brought two landlord-tenant suits in state court against Kelley. Kloian, in his own name, also brought a state-court lawsuit against Kelley for legal malpractice. However, Kloian did not list any malpractice claims against Kelley or his firm on the schedule of assets that accompanied his Chapter 7 petition.
*769 On March 23, 2000, Kloian filed a complaint in federal bankruptcy court, launching an adversary proceeding against Kelley and Kelley’s law firm for legal malpractice. Simultaneously, or nearly so, Kloian moved the bankruptcy court to order the trustee to abandon the malpractice action to Kloian. A bankruptcy trustee is authorized by 11 U.S.C. § 554(a), (b) to “abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate,” after notice and a hearing.
After a hearing on July 21, 2000, the bankruptcy court granted the motion, signing a form order supplied by Kloian’s counsel that abandoned the action.
However, on October 4, 2000, the bankruptcy court entered an “Order in Respect to Claim # 5 of Peter J. Kelley and [his law firm] Cramer, Minoch & Gallagher, P.C.” which held that the bankruptcy court would hear Kelley’s claim against Kloian’s estate for attorney fees and “any defenses or counterclaims thereto based on alleged malpractice or related such act on the part of Claimants.” This order further provided: “To the extent such is inconsistent with this order, the Court’s order of abandonment of Debtor’s malpractice claim, dated July 21, 2000, is set aside.” Kloian moved for reconsideration of this order, which the bankruptcy court denied. Kloian then appealed to the district court. That court affirmed, on the ground that Kloian had failed to include the malpractice claims on his schedule of assets. Kloian now appeals to this court.
We review the bankruptcy court’s legal conclusions de novo, and its findings of fact for clear error. In re Baker & Getty Fin. Servs., Inc., 974 F.2d 712, 716 (6th Cir.1992). We do not defer to the district court’s intervening decision, though of course we consider it with due respect and an eye to the persuasive value of its reasoning. Id. at 717.
II
Under the general rule, the abandonment of an asset of a bankruptcy estate pursuant to 11 U.S.C. § 554 is irrevocable. Courts reason that once abandoned, property passes out of the estate. The trustee (or, here, the bankruptcy court) may not reassert control over the property in light of subsequent events — for example, if it later becomes clear that a piece of property has greater value than was previously believed. In re Ozer, 208 B.R. 630, 633 (Bankr.E.D.N.Y.1997); In re Gracyk, 103 B.R. 865, 867 (Bankr.N.D.Ohio 1989); In re Enriquez, 22 B.R. 934, 935 (Bankr.D.Neb.1982). However, there is an exception to the general rule. When an asset is not disclosed in the schedule of assets, the abandonment is revocable. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir.2001); Ozer, 208 B.R. at 633; In re Killibrew, 101 B.R. 471, 474 (Bankr.S.D.Miss.1988). Here, Kloian did not disclose the malpractice claim against Kelley and his firm in the schedule accompanying his Chapter 7 filing. Courts have also recognized that abandonment may be revocable when the decision-maker acts from “mistake or inadvertence.” In re DeVore, 223 B.R. 193, 198 (9th Cir.BAP 1998).
From the standpoint of efficient judicial administration, Kloian’s malpractice action plainly belongs in federal bankruptcy court. As the bankruptcy judge seems to have realized shortly after entering the original order of abandonment, the malpractice claims are in the nature of counterclaims to the lawyers’ claims against the estate for unpaid legal fees. Kloian seeks to avoid this reasonable disposition by relying upon the formality of the general rule that prohibits reconsideration of abandonments. That is his right — but it is *770 then hardly unfair to hold Kloian to the formality of the exception that requires disclosure in the original schedule of assets. Since Kloian did not comply with this requirement, the order of the bankruptcy court is AFFIRMED.