**In the matter of Kenneth BRAY, Wanda Santos Bray, Debtors.**

**Tori Newkirk, Plaintiff,**

**v.**

**Wiley A. Wasden, III, Trustee Kenneth Bray, and Wanda Santos Bray d/b/a The Pfotobray Company, Defendants.**

**Bankruptcy No. 01–40290.**

**Adversary No. 01–4122.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Nov. 13, 2001.

John E. Pytte, Hinesville, GA, for debtor.

Wiley A. Wasden, Savannah, GA, trustee.

## ORDER ON COMPLAINT FOR TURNOVER OF PROPERTY AND INJUNCTION

LAMAR W. DAVIS, Bankruptcy Judge.

Debtors Kenneth Bray and Wanda Santos–Bray ("Debtors") filed their Chapter 7 case on January 31, 2001, and Wiley A. Wasden, III, was appointed the Chapter 7 Trustee ("the Trustee"). At the time Debtors filed their case, they were in possession of certain artistic property consisting of compact audio discs, tapes, and promotional materials ("the materials"), ownership to which has been hotly contested throughout the pendency of the Chapter 7 case by Plaintiff Tori Newkirk ("Plaintiff"), a rap music artist. In the initial schedules filed by Debtors, the materials were not scheduled as an estate asset. However, sometime after the creditors' meeting, Debtors amended their schedules and listed the materials as an asset.

The Trustee, pursuant to his duty under the law, attempted to determine whether the materials had any liquidation value which, if realized, could be distributed to creditors. Ultimately, he decided to abandon the materials. Plaintiff objected to the abandonment, and a hearing was conducted. The Trustee sought to abandon the materials for two reasons. First was the fact that there was a serious underlying dispute over whether Debtors or Plaintiff owned the materials. Second was that, even if the materials could be demonstrated to be owned by Debtors, the Trustee did not believe the property's liquidation value was sufficient in light of the administrative cost and expense of recovering and selling the property to provide a dividend for creditors. Accordingly, the Trustee asserted that the materials were burdensome or of no value as an asset to the estate, and on August 24, 2001, the Court entered an Order approving the Trustee's abandonment of the asset.

On August 30, 2001, the Court granted Debtors a discharge pursuant to 11 U.S.C. § 727. On September 6, 2001, Plaintiff filed a complaint asserting ownership rights in the materials. In support of his assertion, Plaintiff stated that he had paid Debtors in full for their production of his artistic/intellectual property and that Debtors had stated that if the materials are returned to them by the Trustee, they intend to destroy the property. Plaintiff prayed that the Court temporarily restrain the Trustee from returning the materials to the Debtors, order the Trustee to continue to maintain possession pending final

resolution, and ultimately determine whether the Plaintiff or Debtors have title to the materials.

Debtors, whose counsel had been discharged and who the Court has now relieved of further responsibility in their case, filed a *pro se* answer asserting multiple defenses including failure to state a claim upon which relief can be granted. That assertion and the others raised in the complaint were argued at a hearing before the Court conducted on October 31, 2001, and were treated by the Court as a Motion to Dismiss.

On November 2, 2001, the Court issued an order temporarily restraining the Trustee from returning the property to Debtors.

### CONCLUSIONS OF LAW

 A bankruptcy court, under the auspices of the district court of the district in which it sits, has jurisdiction of all civil proceedings arising under, arising in, or related to cases under federal bankruptcy law. *See* 28 U.S.C. § 1334(b); *cf. Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 789 (11th Cir.1990) ("If the district court has no jurisdiction over a particular proceeding, then neither does the bankruptcy court."). Subject matter jurisdiction in the bankruptcy court requires "some nexus between the related civil proceeding and the Title 11 case." *Id.* at 787.

 Property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Upon creation of a bankruptcy estate at the time of filing a bankruptcy petition, actions pursuant to state law are suspended to the extent of actual conflict with the bankruptcy system

provided by Congress, *see id.* at 54, 99 S.Ct. 914, and the Trustee administers the assets of the estate on behalf of the creditors. A trustee, after giving notice to creditors, may abandon any asset of the estate that is "burdensome" or "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Upon abandonment, the trustee is divested of any interest in the abandoned property. *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 638 (Bankr. E.D.Pa.1999).

 "[B]ankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets, but it cannot be extended beyond its purpose." *In re Lemco Gypsum*, 910 F.2d at 789. Abandonment under § 554 is "not intended as a process to determine and resolve conflicts regarding who has title to the abandoned property or the validity of competing liens or other interests of third parties in the property." *In re Pilz*, 229 B.R. at 639. Where an asset has been abandoned by the Trustee, that asset is no longer a part of the bankruptcy estate. *E.g., Wallace v. Enriquez (In re Enriquez)*, 22 B.R. 934, 935 (Bankr.D.Neb. 1982). As a result, the property reverts back to its pre-bankruptcy status, *see Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 591 (10th Cir.1990); *accord, State v. Lange (In re Lange)*, 120 B.R. 132, 135 (9th Cir. BAP 1990), and that asset is properly removed from the jurisdiction of the bankruptcy court, *e.g., DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 200 (9th Cir. BAP 1998) (finding that awarding fee from abandoned proceeds of state court judgment was improper).

Eleventh Circuit law requires no different result. In *In re Lemco Gypsum,*[1] our

---

**1.** *In re Lemco Gypsum* involved the issue of a bankruptcy court's jurisdiction over a motion

seeking damages for loss of the use of a bankrupt corporation's land after property lo-

Court of Appeals adopted a test for relating a civil dispute to the underlying bankruptcy case:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) *and* [could] in any way impact[ ] upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum,* 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)) (emphasis added). Here, the dispute between the parties centers around the ownership of the materials at issue. Neither Debtors' possession of the materials at the time the case was filed nor Plaintiff's claim of ownership throughout the case affects the administration of the bankruptcy estate at this time. *See id.* at 788 (discussing impact of removal of property from estate on bankruptcy court's jurisdiction). Although determining which party owns title to these goods

could alter Debtors' rights, it will not do so in a way that impacts the estate. Thus, there is no subject matter jurisdiction over this dispute in this Court. Plaintiff may pursue a determination of his property interests in a court with jurisdiction.

## CONCLUSION

Upon consideration of the record in Debtors' underlying case, the argument and citation of authorities and other applicable authorities, I conclude that the case should be dismissed because this Court lacks jurisdiction to entertain a request for turnover of property once the property has been abandoned from the Chapter 7 estate.

## ORDER

In accordance with the foregoing, IT IS THE ORDER OF THIS COURT that Plaintiff's complaint is dismissed.

---

cated on the land was not timely removed under the terms of the sales agreement entered into pursuant to order of the bankruptcy court. 910 F.2d at 785–89. In support of its holding that the bankruptcy court's exercise of jurisdiction over the motion for damages

was improper, the court noted that damages would not be paid to the bankruptcy estate and that "[t]he fact that property was once owned by a bankrupt does not supply federal jurisdiction of all future disputes concerning the property." *Id.* at 789.