### In re Adedoyin FALOYE, Debtor.

### Provident Funding Associates, L.P., Movant,

### v.

### Adedoyin Faloye and Janet G. Watts, Chapter 7 Trustee, Respondents.

### Adedoyin Faloye, Plaintiff,

### v.

### Provident Funding Associates, L.P., Mortgage Electronic Registration Systems, Inc., Defendants.

### Bankruptcy No. 11–59876–JB. Adversary No. 11–5207–JB.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 29, 2011.

Adedoyin Faloye, Stone Mountain, GA, pro se.

David W. Adams, Ellis Painter et al., Savannah, GA, for Defendants.

## *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

The *pro se* Chapter 7 debtor in this case, Adedoyin Faloye, filed an adversary proceeding against Provident Funding Associates, L.P. ("Provident") and Mortgage Electronic Registration Systems, Inc. ("MERS") asserting state law and non-bankruptcy claims to prevent Provident from foreclosing on property located at 1474 Knights Trail, Stone Mountain, Georgia 30083 (the "Property"), and Provident filed a motion for relief from the automatic stay to allow it to exercise its rights to foreclose on the Property under Georgia law (Docket No. 23). Defendants Provident and MERS filed a motion to dismiss the adversary proceeding. Provident scheduled its motion for relief from the automatic stay for a hearing on July 6, 2011, but neither Provident's lawyers in the adversary proceeding nor the debtor appeared at the hearing. There are at least two issues with regards to these matters that the parties have not addressed, one of which would seem to moot Provident's motion and the other of which would require a dismissal of the adversary proceeding.

■ First, this is debtor's second bankruptcy case pending within a one-year period, and the automatic stay is no longer in effect in the instant bankruptcy case. Under 11 U.S.C. § 362(c)(3)(A), if a case is filed by an individual in a case under Chapter 7, 11, or 13, and if the debtor had a case pending within the preceding year that was dismissed for a reason other than presumption of abuse under § 707(b), the automatic stay in the second case terminates thirty (30) days after the filing of the second case. Debtor filed the instant case *pro se* on April 1, 2011, and debtor had a previous Chapter 13 case, Case No. 10–85418–JB, pending within one year of filing this case. The thirtieth day after the petition date of debtor's current case fell on May 2, 2011, and debtor did not file a motion pursuant to § 362(c)(3)(B) prior to that date or at any time. Accordingly, the automatic stay terminated by law under 11 U.S.C. § 362(c)(3)(A). Because the automatic stay is no longer in effect in this case, Provident's motion for relief from stay is moot.

■ Second, the Property is no longer property of the estate. On July 28, 2011, the Chapter 7 Trustee Janet G. Watts filed a Notice of Proposed Abandonment of the Property which is the subject of debtor's adversary proceeding and Provident's motion for relief from stay. In the Notice of Proposed Abandonment, the Trustee stated that the Property is of inconsequential value and is burdensome to the estate. Parties had fourteen (14) days to file an objection to the abandonment, no objections were filed, and the Property is deemed abandoned. Pursuant to 11 U.S.C. § 554(a) and Bankruptcy Rule 6007, the Property is abandoned, and once property is abandoned, it is no longer property of the estate. 5 Collier on Bankruptcy ¶ 554.02[3] (Alan R. Resnick & Henry J. Sommer eds., 16th ed.) ("[A]bandonment constitutes a divesture of all of the estate's interests in the property. Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed."). In most cases, once property is no longer part of the bankruptcy estate, it is no longer subject to the jurisdiction of the bankruptcy court.

*Id.; Newkirk v. Wasden (In re Bray)*, 288 B.R. 305, 307 (Bankr.S.D.Ga.2001).

Since the Property that is the subject of the adversary proceeding is not part of the bankruptcy estate, the Court lacks subject matter jurisdiction to hear debtor's adversary proceeding under 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 1334(b), district courts have original, but not exclusive, jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In the Northern District of Georgia, the District Court has referred all proceedings within its bankruptcy jurisdiction to the bankruptcy court. 28 U.S.C. § 157(a); LR 83.7, NDGa. As such, a bankruptcy court's jurisdiction must be based on the "arising under", "arising in", or "related to" language of 28 U.S.C. §§ 1334(b) and 157(a). *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). A claim "arises under" title 11 if the cause of action "invok[es] a substantive right created by the Bankruptcy Code", and it "arises in" a case under title 11 if the claim would arise only in a bankruptcy context. *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1344–45 (11th Cir.1999) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987)). Debtor's adversary proceeding neither "arises under" title 11 nor "arises in" a case under title 11 because debtor's claims do not arise under the Bankruptcy Code and do not depend on bankruptcy law for their existence.

Debtor's complaint against Provident and MERS in this adversary proceeding also does not "relate to" a case under title 11. The Eleventh Circuit adopted the Third Circuit's test in *Pacor, Inc. v. Higgins* for determining when a proceeding is "related to" a title 11 case. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990) (adopting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). For subject matter jurisdiction to exist with respect to a "related to" proceeding, some nexus must exist between the title 11 case and the related civil proceeding so that the proceeding "could conceivably have an effect on the estate being administered in bankruptcy." *Id.* Here, there is no nexus between debtor's adversary proceeding and the administration of a bankruptcy estate under title 11, as the Property at issue is not part of the bankruptcy estate, and the resolution of the parties' rights with respect to the Property would have no conceivable effect on the administration of the bankruptcy estate. In fact, the Chapter 7 Trustee has concluded the administration of the estate and filed a Report of No Distribution stating that the estate has been fully administered and there are no assets available for distribution.

In accordance with the above reasoning, the Court concludes that debtor's adversary proceeding against Provident and MERS should be dismissed for lack of subject matter jurisdiction and that Provident's motion for relief from the automatic stay is moot. The Court makes no findings as to whether Provident has the right to foreclose on the Property under Georgia law, but the automatic stay under § 362(a) is not in effect and does not now prevent Provident from pursuing whatever rights it may have under Georgia law with respect to the Property. The disputes between debtor and Provident with respect to Provident's right to foreclose can and should be decided in the state courts.

IT IS SO ORDERED.