**In re Barry Jerome LYONS, Debtor.**

**Mercedes–Benz Financial Services of America, LLC, f/k/a DCFS USA, LLC, Plaintiff,**

v.

**Corner Lot Inc., d/b/a Corner Lot Towing, Defendant.**

**Bankruptcy No. 10–90733–MHM. Adversary No. 12–5574.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 18, 2013.

**272**

Ira L. Rachelson, Rachelson & White, PC, Atlanta, GA, for Plaintiff.

Kevin A. Wangerin, Bullard & Wangerin, LLP, Macon, GA, for Defendant.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This Adversary Proceeding[1] is before the court on the *Motion to Dismiss* of defendant Corner Lot Towing, Inc.'s *Motion to Dismiss,* which plaintiff Mercedes–Benz Financial opposes.[2]

On November 11, 2008, Barry Jerome Lyons ("Debtor") purchased a 2003 Freightliner commercial truck (the "Truck") for $47,065. Mercedes–Benz Financial Services, USA, LLC f/k/a DCFS USA, LLC ("Mercedes") holds a first priority lien on the Truck. On October 13, 2010, Debtor filed a Chapter 13 petition, listing amongst his assets the Truck (the "Petition Date"). Debtor's Chapter 13 Plan was confirmed by order entered March 11, 2011 (Doc. No. 44) (the "Confir-

mation Order"). The Confirmation Order provides, *inter alia,* "Property of the estate shall not revest in Debtor until the earlier of discharge of Debtor or dismissal of the case, unless the Court orders otherwise."

Because Debtor defaulted on the security agreement with Mercedes, Mercedes filed a *Motion for Relief from Stay* July 15, 2011 (Doc. No. 54). For reasons that are not entirely clear, Corner Lot, Inc. d/b/a Corner Lot Towing ("Corner Lot") impounded the Truck July 18, 2011, without obtaining any relief from the automatic stay of 11 U.S.C. § 362.

Between July 19, 2011 and August 29, 2011, Corner Lot took steps to obtain a statutory lien and to have the truck declared legally abandoned under O.C.G.A. § 40–11–5 (the "Lien Foreclosure Procedure"). On September 20, 2011, the Magistrate Court of Butts County issued Corner Lot an *Order to Foreclose* on the Truck, which had by then been deemed abandoned under the Georgia statute. On September 22, 2011, this court entered an order granting modification of the stay only as to Mercedes, providing that after Mercedes sold the Truck, "any proceeds exceeding [Mercedes'] lawful claim shall be promptly remitted to the Chapter 13 Trustee" (Doc. No. 58) (the *"Order Modifying Stay "*). Subsequently, Corner Lot caused the Truck to be sold at auction, and, apparently without knowledge that the Truck had already been sold, Mercedes filed a *Writ of Possession* in the Magistrate Court of Butts County. On October 26, 2012, Mercedes filed a complaint commencing this adversary proceeding, requesting an order that the statutory lien of Corner Lot be set aside pursuant to 11

1. This adversary proceeding was filed October 26, 2012.

2. Plaintiff filed a *Motion for Summary Judgment* February 8, 2013 (Doc. No. 12). The time for defendant to file its response to that motion has not expired.

U.S.C. § 545(2). Corner Lot asserts this court lacks subject matter jurisdiction, among other defenses.

## DISCUSSION

■ "When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court must accept the material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff. The Court may consider materials outside the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence. The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Maxwell v. HSBC Mortgage Co. (USA) (In re Maxwell)*, 2012 WL 3678609 (Bankr.N.D.Ga. 2012) (internal citations omitted).

Section 1334(b) of Title 28 of the United States Code provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C.A. § 1334(b). "The district courts may, in turn, refer any or all proceedings arising under title 11 to the bankruptcy judges for the district." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); 28 U.S.C. § 157(a) (internal citations omitted). In this district, the District Court referred all bankruptcy proceedings within its jurisdiction to the bankruptcy court. *Provident Funding Assoc., LP v. Faloye (In re Faloye)*, 459 B.R. 865, 868 (Bankr.N.D.Ga. 2011); LR 83.7, NDGa. Therefore, a bankruptcy court in this jurisdiction has subject matter jurisdiction to hear an adversary proceeding if said proceeding is "arising under," "arising in," or "related to" a bankruptcy case.

■ "A claim 'arises under' title 11 if the cause of action invokes a substantive right created by the Bankruptcy Code." *In re Faloye*, 459 B.R. at 868 (internal citations omitted). In other words, "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987).

■ The general purpose of the automatic stay, codified in 11 U.S.C. § 362(a) is "to prevent the unsupervised dismemberment of the estate through a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re North*, 128 B.R. 592, 599 (Bankr.D.Vt.1991) (internal citations omitted). The scope of the automatic stay is vast; it is not solely limited to property of the estate and it applies to all entities with limited exceptions. *Id.* at 599–600. An action taken in violation of the automatic stay is void. *Roberts v. C.I.R.*, 175 F.3d 889 (11th Cir.1999); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982).

When a bankruptcy petition is filed, a stay is *automatically* enforced as to "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Specifically enumerated is that "any act to create, perfect, or enforce any lien against property of the estate" is stayed at the time the bankruptcy petition is filed. 11 U.S.C. § 362(a)(4). Section 541(a)(1) of the Bankruptcy Code provides that the estate consists of, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case."

As of the Petition Date, Debtor held a property interest in the Truck. Furthermore, the Bankruptcy Code provides for a specific set of proceedings for the avoidance of a lien. The trustee can "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case." 11 U.S.C. § 545(2).

■ Corner Lot impounded the Truck post-petition, when it was property of the estate [3] and Corner Lot had not obtained relief from the automatic stay. Corner Lot incorrectly implies that the September 22 *Order Modifying Stay* removed the Truck from the bankruptcy estate, which it did not.[4] The entry of the *Order Modifying Stay* does not extinguish the estate's interest in the property. ("Because the estate is entitled to any proceeds in excess of the amount owed ... the estate retains a property interest so long as state law recognizes an underlying property right.") *Clower v. Le Jardin at Baytowne Wharf (In re Clower)*, 463 B.R. 573, 577 (Bankr. N.D.Ga.2011) (Drake, J.) *citing In re Brook Valley VII, Joint Venture*, 496 F.3d 892, 899 (8th Cir.2007). The Truck remained part of the estate property two days prior, when the Magistrate Court, upon Corner Lot's action, entered its order on the Truck. As property of the estate, the Truck was subject to the automatic stay. Any action taken by Corner Lot to secure possession of the Truck in Magistrate Court violated the automatic stay, bringing Corner Lot's conduct within the jurisdiction of the bankruptcy court. Irrespective of any default by Debtor or Mercedes in the state court proceeding, the automatic stay remains in existence, to be enforced by bankruptcy courts. The state courts lack jurisdiction to grant relief from the automatic stay. *Farley v. Henson*, 2 F.3d 273 (8th Cir.1993).

■ The causes of action relating to the enforcement of the automatic stay and the avoidance of a statutory lien are both created and determined by Title 11 of the United States Code. As such, the cause of action asserted by Mercedes "arises under" Title 11, and, therefore, is within the subject matter jurisdiction of the United States Bankruptcy Court to adjudicate.

Corner Lot seems to assert that, because Mercedes stated in its *Motion for Relief from Stay* (Doc. No. 54) that "there is little or no equity in the [Truck] for the benefit of either the Chapter 13 estate or the Debtor," no nexus exists between the determination of this adversary proceeding and the bankruptcy estate. This argument is without merit.

First, the Adversary Proceeding is a dispute similar to an ordinary civil action, brought in connection with the main case, which was commenced on Petition Date. Additionally, this court made no finding regarding equity, and such a finding may not be assumed.

Second, in *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, the Eleventh Circuit adopted the test from *Pacor, Inc. v. Higgins* that defined the bounds of whether a civil proceeding is "related to" bankruptcy:

---

**3.** As noted above, Debtor's the Confirmation Order was entered March 11, 2011 and provided, *inter alia*, "Property of the estate shall not revest in Debtor until the earlier of discharge of Debtor or dismissal of the case, unless the Court orders otherwise."

**4.** Among other obvious principles, the stay was neither lifted nor terminated, and the Truck was not abandoned. *See,* 11 U.S.C. § 554 and Bankr.Rule 6007. Also, the Magistrate Court of Butts County entered its Order of Foreclosure *before* the undersigned approved of the Consent Order only for the benefit of Mercedes.

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy ... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in which any way impacts upon the handling and administration of the bankrupt estate.

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990); *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984).

 The test that determines whether a civil proceeding is "related to" bankruptcy "is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum*, 910 F.2d at 788 (Doc. No. 8, at 5 [emphasis added] ). It is certainly conceivable that the outcome of this proceeding could have an effect on Debtor's bankruptcy case. If Mercedes ultimately prevails, it will sell the Truck, and any proceeds from the sale in excess of its claim it will return to the estate. Corner Lot can neither assume nor make any probabilistic determinations as to whether Mercedes will, in fact, sell the Truck for an amount above the value of its claim. It is, simply, sufficient that the bankruptcy estate may receive profits from the Truck's sale; accordingly, this adversary proceeding is related to the underlying bankruptcy. Therefore, it is hereby

**ORDERED** that Corner Lot, Inc.'s *Motion to Dismiss* is *denied.*

IT IS SO ORDERED.